Smith v. Miller.

BARNET A. SMITH v. GARRICK M. MILLER, IMPLEADED WITH CHARLES PARISH.

1. In an action for breach of a covenant to pay rent, in a lease which contained a clause that if default should be made for sixty days in the payment of the rent the defendant should forfeit all the rights and privileges therein given, and in case of such default and forfeiture the demised premises should revert to the lessors, to be enjoyed by them as if the lease had never been made—such default is no defence to the action, as the default does not avoid the lease, but renders it voidable at the option of the lessor.

2. The non-joinder of a joint covenantee as a plaintiff in action of covenant, appearing upon the face of a declaration, cannot be objected to upon demurrer to the declaration, unless notice of the non-joinder has been given.

3. The non-joinder of a covenantor as a defendant in an action of covenant, if such non-joinder appears upon the face of the declaration, and it also appears that such omitted person is living, is ground for demurrer.

On demurrer to declaration.

The action is styled upon contract. The first count declares that the defendants rented of the plaintiff a farm for the term of twenty years from the 1st day of October, 1879, paying therefor the sum of $125 for each quarter of a year, and the further sum of $300 for the railroad privileges, which last sum was due October 1st, 1884.

That defendants covenanted to pay said sums at said times, as by the indenture between them—a copy of which is made a part of the declaration—appears. That said defendants afterwards entered into the demised premises so to them thereof granted, and although the said plaintiff hath always, from the time of making the said indenture hitherto well and, truly performed all things in the said indenture contained on his part to be performed, yet that the sum of $1000 of the rent is in arrear and unpaid.

Then follow the common counts in *assumpsit*.

The lease—which becomes a part of the declaration by reference thereto—contains a clause providing that if at the expiration of the first five years from the date of the lease default should be made for the space of sixty days in the payment of the rent, the defendants shall forfeit all the privileges and rights therein given, and in case of such default and forfeiture the said demised premises to revert to the said party of the first part, the same to be enjoyed by them as though the lease had never been made.

The parties of the first part were the plaintiff, and Mary, his wife.

Argued at February Term, 1886, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE, SCUDDER and REED.

For the plaintiff, *William M. Davis*.

For the demurrant, *Martin Wyckoff*.

The opinion of the court was delivered by

REED, J. The first point of attack upon the first count in the declaration is that the sealed agreement upon which the

count is framed had, at the time of the commencement of the action, ceased to exist. This contention is based upon the clause in the lease which provides that if at any time after the expiration of the first five years of the lease there should be sixty days' default in the payment of rent, then the defendants shall forfeit all rights under the lease, and the premises should revert to the lessors and be enjoyed by them as though the lease had not been made.

It is claimed that the failure to pay the rent, as charged in the declaration, put an end to the lease absolutely, and no action could .be maintained upon that instrument. This result is alleged to spring out of the fact that the clause of forfeiture does not leave the avoidance of the lease to the option of either party, but upon the failure to pay rent at certain times it becomes, by reason of that alone, absolutely void. It is said that after the happening of the event, upon the occurrence of which the vitality of the lease is extinguished, the right to recover for the occupancy of premises must be asserted in the shape of an action for use and occupation.

If it was possible to accede to this view of the legal force of the clause of forfeiture, I am yet unable to perceive how it would aid the demurrant. For a glance at the lease discloses the fact that the covenant to pay rent was broken before the occurrence of the default, upon which the avoidance of the lease is based. The covenant was to pay the rent in quarterly payments, at certain specified dates, but the event upon which the lease was to become void was a failure to pay any such instalment within sixty days thereafter. So a right to an action for some portion of the rent must have accrued before the occurrence of the sixty days' default.

But the plaintiff's demand is supportable upon a broader ground than this, for it is impossible to yield assent to the demurrant's view of the import of the clause of forfeiture. The law controlling the construction of provisions of this description may be regarded as entirely settled. The rule is that the lessor has the right to take advantage of the forfeiture, but it is entirely optional with him whether he avails himself

of his privilege, although by the terms of the proviso the term
is to cease or become void for the non-performance of the
covenants; and if the lessor does not avail himself of it, the
term will continue, for the lessee cannot elect that it shall cease
or be void. *Taylor's L. & T.*, § 492.

It was once held that there was a distinction between estates
of freehold and terms for years, in respect to the effect of a
breach of a condition for the non-performance of which the
estate or term should become void. It was thought that upon
the breach of a condition of absolute avoidance in the first
instance, inasmuch as at common law livery of seizin was
necessary to begin the estate, nothing less than an entry could
terminate it; while in the case of a lease, as they were originally
only contracts, they became void upon breach of the condition
without entry or any other act to enforce the forfeiture.
*Dumpor's Case*, 1 *S. L. C., p.* *197, notes; *Taylor's L. & T.*,
§ 492.

This view may now be regarded as entirely abandoned.

In *Hurtshone* v. *Wetson*, 4 *Bing. (N. C.)* 178, the landlord
sued for rent. The lease contained a proviso that if there was
a default in the payment for a certain time the lessor was to
have the premises again as if the lease had never been made.
It was held that the lease was not void, but voidable by the
lessor upon the happening of the default, and that the lease
still existed to support his action.

In *Arnby* v. *Woodward*, 6 *B. & C.* 519, the lease contained
a proviso that if the rent should be in arrear for twenty-one
days after demand made, or if any of the covenants should
be broken, then the term thereby granted, or as much thereof
as should then be unexpired, to cease, determine and be wholly
void, and it should be lawful for the landlord upon the premises
to re-enter. This was held to render the lease voidable only
upon breach of a condition. The clause of re-entry, which
was coupled with the avoidance of the lease, was the subject
of remark, as if it might aid in reaching the construction given
to the provisos. But the proviso, stripped of any right to
re-enter, has received a similar interpretation.

In *Rede* v. *Farr*, 6 *M. & S.* 121, the proviso was that if the rent should be.unpaid for forty days, although not demanded, the lease should be void. Lord Ellenborough, with all the other judges of the court then sitting, held that it was a voidable term only. *Reid* v. *Parsons*, 2 *Chitty* 247.

And in the case of *Doe, ex dem. Bryan*, v. *Bancks*, 4 *B. & Ald.* 401, a proviso that upon failure of the tenant to work a coal mine for two years, his lease should be void to all intents and purposes, received a similar construction. The rule seems firmly established in the English courts, and it may be generally considered well settled that however absolute the words of forfeiture may be they will be construed as having no other object than that of enabling the party in whose favor they are made to treat the lease as void, or to enforce it, as he desires. 1 *Sm. L. C.* * 98, *and cases*.

The claim, therefore, that at the time of bringing this action the lease had ceased to exist by reason of the default in payment of rent, cannot be admitted.

The counsel for the demurrant also insists that there is a misjoinder of counts, the first count being framed in covenant and the last count in *assumpsit*.

This, previous to the adoption of the new rules, would have been fatal, upon general demurrer, to the entire declaration; but now the joinder of covenant with debt, *assumpsit* or trespass on the case, for injuries arising from breaches of contract, is permissible.

The demurrant insists that the *narr.* is defective by reason of the non-joinder of parties both as plaintiffs and defendants.

It appears from the sealed agreement that the covenant to pay rent, for the breach of which this action is brought, was made by Miller and Parish to Smith and wife. The first count is apparently against Miller alone, and the action is brought by Smith without joining his wife as a plaintiff.

The non-joinder of a joint covenantee was, at common law, if the defect appeared upon the face of the pleading, fatal upon demurrer. *Dicey on Parties, p.* 525; 1 *Chitty on Plead., p.* 13.

The thirty-seventh section of the Practice act (*Rev., p.* 853)

provides that the non-joinder of a plaintiff shall not be objected to by the defendant unless he gives written notice of such objection to the plaintiff within five days after filing his plea or demurrer, and state in such notice the name of the person alleged to have been omitted.

The interpretation of this provision in the case of *Brown* v. *Fitch*, 4 *Vroom* 418, was that the defendant was precluded from making the objection of the non-joinder of a plaintiff upon the trial, if he had neglected to give the notice. It was held that the defendant could show upon the trial that the contract sued upon was joint, and make any defence under that contract which he might have made if the omitted person had been joined as a plaintiff. But the rule laid down in that case was that the fact alone appearing upon the trial that the contract was joint, would not, without the notice, defeat a recovery by the plaintiff or plaintiffs suing, although others should have been joined as parties. So, if a plea had been interposed in this case, without a notice of non-joinder, and upon the trial the same condition of fact had been proved as now appears upon the face of the first count in the declaration, it would not have presented a defence.

The rule thus established in the above case applies to demurrers as well as pleas. Both a plea and a demurrer are mentioned in the statute as pleadings under which the non-joinder of a plaintiff cannot be objected to without the statutory notice.

So, upon the trial of the issue of law, raised by a demurrer without notice, if upon the face of the declaration it appears that the contract sued upon by one person was made with him and others, and nothing appears to disclose any defence to such joint contract, the defendant is precluded from objecting to the non-joinder, as he might have done at common law. The objection of the demurrant, aimed at the non-joinder of the wife as a co-plaintiff, is not now sustainable.

The second objection, which goes to the non-joinder of a person who upon the face of the declaration was a joint covenantor with the defendant, stands upon a different footing.

Murphy v. Borden.

Wherever the non-joinder of a defendant does not appear upon the pleading, the defendant can only raise the objection by a plea in abatement. 1 *Chitty on Plead., p.* 46.

If, however, the non-joinder is apparent from the face of the pleading, the defendant may demur. It must appear that the party omitted is still living as well as that he jointly contracted. 1 *Chitty on Plead., p.* 46.

Although Sergeant Williams held the view that the omitted defendant was presumed to be living, the better opinion seems to be in favor of the view that it must appear upon the face of the pleading that the omitted party is living. *Notes to Rice* v. *Shute,* 1 *Sm. L. C.* *648.

And the fair inference to be drawn from the commencement of this declaration is that the omitted defendant was, at the time of the commencement of the action, living. It speaks of Miller as impleaded with Parish. The fact so stated, namely, that they were sued together, implies that both were living at the time. The pleader, after so stating, proceeds to declare against one only.

Upon this ground, there must be judgment for the demurrant.