EDWARD C. VAN LEYEN AND CHARLES A. PRESTON V. WILLIAM WREFORD.

*Joint contractors—Action—Discontinuance.*

A discontinuance, under circuit court rule 71, as to one of two defendants in a suit upon an *exclusively* joint contract, is a discontinuance as to both. *Anderson v. Robinson,* 38 Mich. 407.

Error to Wayne. (Hosmer, J.) Argued May 9, 1890. Decided July 2, 1890.

*Assumpsit.* Defendant brings error. Reversed. The facts are stated in the opinion.

*James H. Pound,* for appellant.

*Griffin, Warner, Hunt & Berry,* for plaintiffs.

MORSE, J. The plaintiffs sued Emma Springer and William Wreford jointly in an action of *assumpsit* in the Wayne circuit court, and the following bill of particulars was filed in the cause:

"*Sir:* You will please take notice that the following constitutes the plaintiffs' bill of particulars in the above-entitled cause:

1887.

Oct. 21. Drawings and specifications for appartment building 'Utopia,' situated on the corner of Bagley Ave. and Clifford St.

Total cost $35,000, as per agreement, 2½ per cent.____$875 00
By cash_____ 250 00
Balance_____ 625 00
　　　To interest from October 21, 1887, to date.
　　　　　　　　　　　　"GRIFFIN, WARNER, HUNT & BERRY,
　　　　　　　　　　　　　　　　　"Attorneys for Plaintiffs.
"To Oscar M. Springer,
　　　　"Attorney for Defendants."

The evidence on the part of the plaintiffs showed that
Oscar M. Springer, the husband of the defendant Emma
Springer, and son-in-law of the defendant William Wre-
ford, came to them and wanted them to draw some plans
and specifications for an apartment building to be erected
at the corner of Bagley avenue and Clifford street, in
the city of Detroit. Plaintiffs drew a rough sketch, as
nearly as possible in accordance with Springer's directions,
and on the face of the sketch they wrote the words
"Springer and Wreford." Mr. Springer on receiving the
sketch told them he did not want Wreford's name thereon,
as Wreford did not wish to have his name appear in the
matter. Springer went with one of the plaintiffs, Mr.
Van Leyen, up to the place where the building was to be
erected, and pointed out to him the portion of the ground
that Wreford owned, and said that he (Springer) con_
trolled the remainder. Van Leyen understood that
Springer was not responsible, but supposed that he rep-
resented the owners of the land, to wit, his wife, Emma
Springer, and father-in-law, William Wreford.

The plaintiffs drew the plans and specifications of the
building for Mr. Springer. Springer agreed to pay 2½
per cent. to plaintiffs upon the cost of the construction
of the building for these plans and specifications. The
cost of the building, as completed, was $26,742.98, with-
out the mantel and apparatus for electric lighting. With
these it was $28,024.98. Two and a half per cent. on the
first sum would be $668.57, and on the last $700.62. It

was admitted that Mr. Springer had paid by his own check $250. Mr. Springer refused to pay any more, on the ground that the plans had been of damage to the building.

After Mrs. Springer had testified that she had nothing to do with the erection of this building, and that the ·same was built by Springer and her father, the plaintiffs discontinued, claiming to have the right to do so under circuit court rule No. 71, against Mrs. Springer, and proceeded against Wreford alone, recovering verdict and judgment of $300.

This judgment cannot be sustained. The whole theory of the plaintiffs upon the trial, and the whole evidence on both sides, tended to show that this apartment building was built jointly by Wreford and Springer or Wreford and Mrs. Springer. There was no evidence in the case by which Mr. Wreford could be held as he was for the whole amount of the balance due upon plaintiffs' contract with Springer. The evidence is also uncontradicted that Wreford owns only half of the building,— that portion which stands upon his land,—and never owned any more of it. He never made any contract with plaintiffs except through Springer, and Springer claimed to be acting for himself and Wreford jointly, as shown by plaintiffs' own testimony. Neither of the plaintiffs ever had any talk with Wreford until after the work was done, and Springer refused to pay more than the $250. Mr. Van Leyen testifies that he then went to see Mr. Wreford, and told him he could get no settlement with Springer, and asked him when they could get a settlement. Wreford replied that Springer was doing his business, and he had got him into it, and he would have to get him out of it; to go and see Springer.

Taking this at the utmost that can be claimed for it, he only recognized Springer as his agent in the transac-

tion, and made no promise of his own to pay for the work. He only ratified, at best, what Springer had done, and Springer's contract with plaintiffs was a joint one, according to plaintiffs' testimony. The work was to be done by plaintiffs for Springer and Wreford, and Springer and Wreford were to pay for it, not Wreford alone. When this suit was discontinued as against Mrs. Springer, the defendant Wreford was entitled to a verdict, as requested by him. The obligation sued upon was a joint one, and could not be made several, as the plaintiffs' own showing and all the facts negatived any liability but a joint one.

The judgment must be reversed, and a new trial granted, with costs of both courts to defendant.

The other Justices concurred.