Burket, J.
By the instrument in question, the. plaintiff below granted, demised and let the oil, gas and tract of land for the purpose, and with the right of drilling and operating for oil and gas for five years, or as much longer as oil or gas should be found in paying quantities in the land. This is more than a license; it is a lease of the land, oil and gas for a limited time and purpose, with a right of possession to the extent reasonably required for such purpose, the landlord retaining all that should not be so required.
The principal contention in this case arises upon that part of the lease which provides that a test well should be drilled within one year, and in default, payment of a yearly rental of $128.00 for further delay, and the further provision that a failure to drill the test well, or pay the rental should render the lease null and void, and not binding on either party, and not to be revived without the consent in writing of both parties.
It was this provision that was relied upon in the demurrer to the amended petition, and in the third general defense in the answer of the oil company.
Reduced to its essence, this is a promise in writing upon sufficient consideration, to pay a yearly *177 rental of $128.00 for the right to use, to a limited extent, certain premises, with a further provision in the same instrument, that a failure to pay should discharge the debt; that a default of payment should be the equivalent of payment; that failure should be performance; that non-payment should be payment.
Such contradictions in like instruments have caused the courts to look critically into such instruments to ascertain the real intention of the parties because such contracts cannot be enforced according to their letter. A promise to pay cannot be fulfilled by a failure to pay. A promise to drill a well cannot be satisfied by a failure to drill such well. The proper construction to be placed upon such an agreement is, that upon failure of the lessee to drill a well, or pay the rental, or both, as the case may be, the lessor may elect to put an end to the lease, and enforce payment of the promised rental, or sue for damages for failure to drill the well, or he may elect to have the lease continue in force to the end of the term, and enforce the drilling of wells, and the payment of rentals, as provided in the lease. Such provisions of forfeiture are for the benefit of the lessor, and not for the benefit of the lessee. The lessee cannot plead his own default or wrong, in discharge of his obligation to drill or pay rental. Parties may agree that in case of failure to drill or failure to pay, or both, the lessee shall be relieved of his obligation upon such terms as the parties may agree upon in the lease, whether the terms be of value to the lessor, or loss or inconvenience to the lessee, but a naked default and non-performance, as in this lease cannot be held to discharge the obli *178 gations of the lessee. The following authorities are in point:
Leatherman v. Oliver, 151 Pa. St. 646; S. C. 25 Atl. Reporter, 309; Ray v. Western Pa. Nat. Gas Co., 138 Pa. St. 576; S. C., 21 Am. St. Reports, 922; Clark v. Jones, 1 Denio, 516; S. C., 43 Am. Dec. 706; Galey v. Kellerman, 123 Pa. St. 491; S. C., 16 Atl. Rep. 474; Jones, v. Gas Co., 146 Pa. St. 204; S. C. 23 Atl. Rep., 386; Wills v. The Gas Co., 130 Pa. St., 222; S. C., 18 Atl. Rep., 721; Ogden v. Hatry, 145 Pa. St., 640; S. C., 23 Atl. Rep., 39; Smith v. Miller, 49 N. J. L., 521; S. C., 13 Atl. Rep., 39; Taylor’s Landlord and Tenant, Sec. 492; 1 Smith’s Leading Case’s, 102, 119.
It would also be competent for an owner of land to give an option to another party, upon a sufficient consideration, to drill one or more wells within a stated time, and upon failure to drill such wells within the time limited, all rights to cease as to both parties. And it is contended by the oil company in this case, that the leases in question are such options, or else are mere unexecuted licenses. In case ' of an option, a certain consideration is paid or agreed to be paid to tie up the land for a given time, and during1 that time the owner is prevented from using or disposing of the land contrary to the terms of his contract. But in such cases the consideration for the option must be paid, and cannot be satisfied by a naked default. If such default could' be held as satisfaction of the consideration, the instrument would be without consideration, and therefore void.
In. the leases in question the consideration is one dollar paid, and certain rentals promised to be paid in default of drilling a well, and considered as an option, the whole consideration for the *179 option must be paid. The same result follows if the instruments be regarded as unexecuted licenses. The consideration paid and agreed to be paid for the license is one dollar paid, and certain ■rentals to be paid, and the licensor not having interferred with the rights, of the licensee, the latter is bound to pay the full consideration promised for the license, even though he never availed himself of its privileges.'
So that whether the instruments in question are regarded as leases, options or licenses, the plaintiff below is entitled to receive the considerations or rentals agreed to be paid.
The first defense to the first cause of action of the amended petition, to which a demurrer was sustained, raised the question whether the oil company became liable under the assignment to it for the rentals which had matured and remained unpaid at the time of the assignment of the leases, as well as for the rentals which thereafter accrued. We think that the demurrer was properly sustained. In his assignment of the leases, Mr. Underwood stipulated that the oil company should have and hold the leases under the terms thereof, and under and subject to the rents and covenants therein reserved and contained, on part of the lessee to be paid, kept, done and performed. By accepting this assignment with that stipulation, and causing the same to be recorded, and receiving the leases thereunder, the oil company became bound to perform all the unperformed terms of the leases. It stepped into Mr. Underwood’s shoes and assumed his obligations.
■ It is also urged that the failure to drill the required well, and failure to pay the agreed rental did not entitle the lessor to recover the amount named *180 as rental, but at most would only entitle him to recover unliquidated damages. We regard the case as one of rental. The amount agreed to be paid was for the exclusive right of drilling and operating the premises for oil and gas. Failure to exercise the right would not relieve the company from payment of the amount agreed upon as the price of such exclusive right. There are some other questions made in the record, but we find no error as to them, and do not regard them of sufficient general interest to warrant a further report.

Judgment affirmed.