125     89
134     ¹600
134     ¹601

## JENKINSON v. WYSNER.

VOLUNTARY ASSOCIATIONS — ACTIONS AGAINST MEMBERS — RES JUDICATA.

* 1. The statute (sections 10025, 10026, 3 Comp. Laws 1897) providing for the bringing of suits against unincorporated voluntary associations does not abrogate the right to sue members of the association, under *Clark* v. *O'Rourke,* 111 Mich. 108.

2. In a suit to recover rent due upon a lease, questions litigated in a former suit upon the same lease are *res adjudicata.*

Error to St. Clair; Atkinson, J.   Submitted October 5, 1900.   Decided October 31, 1900.

*Assumpsit* by John Jenkinson against John E. Wysner and others for rent.   From a judgment for plaintiff on verdict directed by the court, defendants bring error. Affirmed.

The defendants were members and officers of Temple Lodge, No. 121, of the Ancient Order of United Workmen, a fraternal beneficiary association, unincorporated. Plaintiff executed a lease to the society of a hall for a period of five years.   The society vacated the hall in October, 1898, on the ground of the failure of the plaintiff to comply with the lease.   Plaintiff sued these defendants in December following for the rent for October, November, and December, and recovered a judgment, which was paid.   This suit was commenced in justice's court for the rent for the first four months of 1899.   The plea and notice are the same as they were in the former suit.   The declaration sets up the former suit, and alleges that "it is *res adjudicata* as to the defendants' liability upon the performance of the covenants and conditions of said lease." The rent for the four months amounted to $50, for which plaintiff obtained judgment.

* Head-notes by GRANT, J.

*Law & Moore,* for appellants.

*John B. McIlwain,* for appellee.

Grant, J. (*after stating the facts*).  1. The defendants are liable, under the rule of *Clark* v. *O'Rourke*, 111 Mich. 108 (69 N. W. 147, 66 Am. St. Rep. 389), unless the right to maintain such action is abrogated by sections 10025, 10026, 3 Comp. Laws 1897. That statute provides for the bringing of suits against unincorporated voluntary associations, and provides for service of process upon certain of its officers. Without this statute the association could not be sued, because it has no legal existence. The remedy provided is merely cumulative; it does not take away the right to sue members of the association, under the case above cited.

2. The court held that all the defenses set up in this case were litigated in the former suit, from which no appeal was taken, and that, therefore, all such questions were *res adjudicata.* The ruling was correct. *Jacobson* v. *Miller,* 41 Mich. 90 (1 N. W. 1013). Defendants' plea and notice were the same in this suit as in the former suit, and defendants' liability for the rent depended upon the questions then litigated.

3. It is urged that the defendants are not liable, because there was no evidence that Wysner and Johnson were trustees, or that Dixon, Sheldon, and Eichorn were officers and members of the society, at the time the lease was made. The declaration contains a copy of the lease, signed by Wysner and Johnson as trustees, and alleges that its execution was known to, and ratified by, the other defendants. The evidence shows that Dixon was treasurer; that Eichorn and Sheldon issued and signed orders as officers of the association, upon which plaintiff obtained the rent until the time the association vacated the building. The association was a secret one. The execution of the lease was admitted. The issuance of orders by Eichorn and Sheldon to plaintiff on the treasurer, Dixon,

and the payment by him, are sufficient evidence that they were officers of the association, and ratified the lease.

Judgment affirmed.

The other Justices concurred.