DETROIT LIGHT GUARD BAND *v.* FIRST MICHIGAN INDE-
PENDENT INFANTRY.

1. UNINCORPORATED SOCIETIES—ACTIONS.

The statute (3 Comp. Laws, § 10025) providing for suits by or against an unincorporated association in the name by which it is known does not prevent a suit against the association by name and its members jointly.

2. SAME—WITHDRAWAL OF MEMBERS—RECOVERY.

Where an unincorporated association made a contract with defendants that its members should render services for defendants in consideration of the payment of a certain sum to its treasurer, the association may recover for the whole sum, notwithstanding a portion of the members had, at the time of the beginning of the suit, withdrawn from the association, and did not wish to press their claims.

3. SAME—CONTRACTS—INDIVIDUAL LIABILITY.

A member of an unincorporated association, in making a contract in behalf of the association, binds himself individually.

Error to Wayne; Donovan, J.  Submitted October 7, 1903.  (Docket No. 10.)  Decided October 27, 1903.

*Assumpsit* by the Detroit Light Guard Band against the First Michigan Independent Infantry, Joseph H. Hansjosten, and others, for services rendered.  From a judgment for plaintiff, on verdict directed by the court, for less than the amount claimed, and against one defendant only, plaintiff brings error.  Reversed.

This case originated in justice court, where the plaintiff recovered a judgment against all of the defendants for the sum of $147.33.  The suit is based upon the following contract:

"Know all men by these presents, that according to a contract duly made and entered into this 29th day of June, 1900, between the Detroit Light Guard Band, party of the first part, and First Michigan Independent Infantry, party of the second part, said party of the first part contracts to furnish to the party of the second part a uniformed band of fifteen musicians, including drum major, for the encampment of the regiment, and to be under the orders of said colonel of the First Michigan Independent Infantry, party of the second part, from 9 o'clock a. m. on Sunday, July 1st, 1900, until 10 o'clock p. m. on Sunday, July 8th, 1900.  And as remuneration for said services said First Regiment Michigan Independent Infantry, party of the second part, agrees to pay to H. W. Schmemann, treasurer of the Detroit Light Guard Band, party of the first part, two hundred and fifteen dollars, and expenses, which will consist of transportation and subsistence during the period of this contract.

[Signed]                     "W. C. SMITH,
          "For the Detroit Light Guard Band.
[Signed]              "JOS. H. HANSJOSTEN,
                    "Col. Comdg. 1st M. I. I.,
                      "For 1st Rgt. M. I. I."

The services were performed, and defendant Hansjosten paid plaintiff thereon $76.  Hansjosten alone appealed to the circuit court.  He, as the commanding officer of the regiment, had charge of all the proceedings throughout

the encampment for which the services were performed.

Plaintiff and defendant are unincorporated volunteer associations. Upon the trial, one Hayes, an attorney, appeared, and stated that he represented 8 of the 15 members who performed the services; that they did not authorize the bringing of the suit; that they were satisfied, and did not wish to pursue their claim against the defendants. These 8 persons had, prior to the commencement of suit, severed all connection with the plaintiff. The court found that, under the arrangement between members of the plaintiff, the 15 men would receive $15 each under the contract; that, after certain expenses were paid, the net amount each would receive would be $13.85; that the treasurer had paid $5 to each, leaving each to receive $8.85. Each of the 8 persons was indebted to the band. The court directed a verdict for $61.95, making $8.85 each for the 7 men. The court also directed a verdict in favor of Hansjosten, holding that he acted simply as agent for the association, and was not liable as principal. The judgment was rendered against the defendant association.

In 1897 the legislature passed an act reading as follows:

"That whenever any unincorporated voluntary association, club, or society shall be formed in this State, composed of five members or more, having some distinguishing name, actions at law or in chancery may be brought by or against such association, club, or society by the name by which it is known: *Provided*, that this act shall not take away the right of the litigant to proceed against all the members of such association, club, or society, if such litigant shall so elect to proceed." 3 Comp. Laws, § 10025.

*Harry H. Wait*, for appellant.

*Navin & Sheahan*, for appellee Joseph H. Hansjosten.

GRANT, J. (*after stating the facts*). 1. Does the statute prevent the plaintiff from suing the association and members thereof jointly? It does not abrogate the right to sue the members. *Jenkinson* v. *Wysner*, 125

Mich. 89 (83 N. W. 1012). It is conceded by defendant's counsel that plaintiff could pursue a remedy against either the association or against the individual members. The only remedy before the enactment of the statute was against the individual members. *Clark* v. *O'Rourke*, 111 Mich. 108 (69 N. W. 147, 66 Am. St. Rep. 389). The statute authorizes suit to be brought by or against any such association, and provides that it shall not take away the right of a litigant to proceed against the members. This does not preclude the plaintiff from suing them jointly. It only provides an additional or cumulative remedy. The doctrine of election of remedies does not apply. Plaintiff has not elected to proceed against one, but against both. See *Jenkinson* v. *Wysner*, 125 Mich. 90 (83 N. W. 1012).

2. The court was in error in holding that the plaintiff could not recover, as an association, the total amount due. The money was due, not to the individual members of the plaintiff association, but to the association itself, and was payable to its treasurer. It was then to be apportioned to those performing the services, according to their financial standing with the association. If the individual member was in debt to the association, the amount of his debt was deducted from the amount due him. The identity of the plaintiff association was not affected by the withdrawal of these eight members. The remaining members were entitled to all the rights, privileges, and property of the association. If the withdrawing members had any enforceable interest in the association, their remedy was against the association or the members thereof, and they were not authorized to interfere in a suit brought by the association upon a contract made in its name and for its benefit. *Schiller Commandery* v. *Jaennichen*, 116 Mich. 129 (74 N. W. 458); *Curtiss* v. *Hoyt*, 19 Conn. 154 (48 Am. Dec. 149); Nib. Mut. Ben. Soc. § 158.

3. It is urged that defendant Hansjosten is not liable, because he was acting as agent for his principal, and did not intend to bind himself. If he had made the contract

in the name of an individual or a legally organized corporation, the authorities cited by the defendant would apply. But members of these voluntary associations are personally liable, and in making contracts they bind themselves as well as other members. Hansjosten was a co-contractor and a co-promisor, and is liable on the promise made by himself for himself and others. If other members liable on the contract were not made parties, this defense could be interposed only by plea in abatement. *Kierstead* v. *Bennett*, 93 Me. 328 (45 Atl. 42).

The judgment is reversed, and new trial ordered.

The other Justices concurred.