## HALL v. CITY OF KALAMAZOO.

APPEAL AND ERROR—DECISION—PRIOR SUIT—RES ADJUDICATA.
　　All points both of fact and law raised by a record on error are res adjudicata in another suit between the same parties on the same cause of action, though the court in affirming the prior judgment discussed only the point deemed decisive of the case, and as to the others stated that the circuit judge decided correctly.

Error to Kalamazoo; Hopkins, J., presiding. Submitted April 25, 1905. (Docket No. 85.) Decided October 2, 1905.

Trover by William B. Hall against the city of Kalamazoo and Fred Winslow, city treasurer. There was judgment for defendants, and plaintiff brings error. Affirmed.

This is an action of trover between the same parties, involving the same property and the same issues, and based upon the same facts as those in *Hall* v. *City of Kalamazoo,* 131 Mich. 404. After the affirmance of that case, Mr. Hall brought this action. The defendant gave notice with his plea that all the issues in this case were passed

upon and disposed of in the former suit, and that all questions were therefore res adjudicata.

The case was tried before the court without a jury. Plaintiff's attorney made an opening statement of his claim, which covers the same facts and issues as those passed upon in the former suit.  It was then conceded by counsel that the goods involved and the parties to this suit were the same as in the former suit, and that the record in that case should stand as the record in this, so far as it raises the question of res adjudicata.  The court held that the questions involved were res adjudicata by the former suit, and entered judgment for the defendant.

*E. A. Crane,* for appellant.

*Harry C. Howard* (*William R. Fox,* of counsel), for appellees.

GRANT, J. (*after stating the facts*).  All the issues presented upon this record were fully considered and passed upon by the circuit court for the county of Kalamazoo in the former case.   The record in that case contains 285 pages.   It was tried before the court without a jury. Counsel for plaintiff presented 96 findings of fact and 29 findings of law, covering 37 pages of the record.   Counsel for the defendants presented 22 findings of fact and 13 findings of law, covering 12 pages.   The court's findings of fact number 31 and cover 14 pages, and his conclusions of law cover 3 pages.   The record contains 140 assignments of error.   A comparison of plaintiff's opening statement in this case with his brief in this court in the former shows that they are identical in substance and, to a great extent, in language.

Plaintiff in the former suit claimed title and right of action mainly upon three grounds:  (1) That he purchased the goods at the public sale; (2) that he purchased and took an assignment of an attachment suit and the claim of the plaintiff thereunder, the Kalamazoo Supply & Construction Company; and (3) that he had an inter-

est in two chattel mortgages which gave him title sufficient to maintain suit. Those claims and all questions bearing thereon were distinctly passed upon and decided by the circuit court against the plaintiff. All these questions were brought to this court for determination and fully presented. The language of that decision is plain that "the court [the circuit] found against all the claims of the plaintiff, and we think correctly." This language affirmed all the rulings of the circuit judge bearing upon the plaintiff's claim. We did not specifically discuss each one in the opinion, inasmuch as one of the findings was decisive, viz., that the defendant had not, at the time suit was brought, the possession or control of the goods. Holding that the court ruled correctly on all the other points makes the case as clearly res adjudicata as though we had taken up, discussed, and affirmed each holding separately.

It is no uncommon practice for courts, where several points are raised for determination, to affirm the case upon one point, and to say that, as to the other points, the decision of the court below was correct. All such questions, whether of fact or law, are then res adjudicata, and in another suit, brought for the same cause of action, it is of no importance whether the conclusions, either of fact or law, are right or wrong. *Jacobson* v. *Miller*, 41 Mich. 90; *Carr* v. *Brick*, 113 Mich. 664. See, also, 24 Am. & Eng. Enc. Law (2d Ed.), pp. 765, 766.

Judgment affirmed.

MOORE, C. J., and BLAIR, MONTGOMERY, and OSTRANDER, JJ., concurred.