STEWART *v.* TERWILLIGER.

1. SET-OFF AND COUNTERCLAIM—PARTNERSHIP—JOINT LIABILITY.
   The liability of partners on a firm obligation is joint, not several, and in an action by one of the partners, the defendant may not set off against plaintiff's demand a debt due him individually from the copartners.

2. SAME—DEEDS—COVENANTS.
   Covenants of title in a deed executed by copartners to a third person, and not referring to any partnership relation, are joint, not several.

Error to Wayne; Mandell, J. Submitted April 22, 1913. (Docket No. 108.) Decided October 1, 1913.

Assumpsit in justice's court by S. Wightman Stewart against Francis Terwilliger for broker's commissions. Plaintiff appealed to the circuit court from a judgment for defendant. Judgment for defendant. Plaintiff brings error. Reversed and judgment for plaintiff entered.

*S. W. Stewart (Choate, Robertson & Lehmann,* of counsel), for appellant.

*Lehman, Riggs & Lehman (George M. Lehman,* of counsel), for appellee.

McALVAY, J. Plaintiff brought suit against defendant in justice's court in the city of Detroit in assumpsit to recover as assignee for commissions claimed on a sale of real estate. This suit resulted in a judgment against plaintiff. The case was appealed by plaintiff to the circuit court for the county of Wayne, and a jury, under the charge of the court, rendered a verdict of no cause of action, upon which a judgment was entered in favor of defendant.

The facts in the case are that Gordon F. Bennett and Jesse J. Gee were partners in the real estate business, in which defendant was at one time interested, whether as a partner or having loaned money to them to use in the business is in dispute; that Bennett & Gee, in settlement with defendant, made a transfer to him of certain lots which they owned as partners by full warranty deeds of title in fee, except as to certain mortgages assumed by defendant; that it later appeared that there were liens and taxes against the property to the amount of $275, which defendant was obliged to pay in order to clear this title, and which Bennett & Gee, or either of them, never repaid. Later Bennett engaged in the real estate business alone and obtained a purchaser for defendant for part of this same property, which defendant sold to Bennett's customer, and for which service Bennett claimed commissions, which defendant refused to pay because he claimed the partners owed him for breach of contract. Later Bennett assigned his claim for commissions to the plaintiff, and this suit was brought to recover such commissions.

Defendant pleaded the general issue in justice's court, with notice of set-off of the claim against Bennett & Gee for damages sustained by reason of breach of covenant. Upon the trial proof of such damages was admitted over the objection of plaintiff that, the covenants in the deeds being joint obligations of Bennett & Gee, the same could not be set off against the claim of plaintiff's assignor for commissions earned on the transaction which occurred after the partnership of Bennett & Gee was dissolved. Error is assigned in this court upon the admission of such evidence. There is no serious dispute as to the facts in the case. In the briefs of both parties it is stated that the sole question to be considered is a legal one, and that is whether, under the facts above stated, this set-off should have been allowed as a matter of law.

The exact question has not been before passed upon by this court. Two separate propositions are involved in the determination of this question: *First,* whether the liability of partners upon firm contracts is joint or joint and several; and, *second,* whether the covenant in the deed in question was a joint and several covenant.

It appears to be recognized that at the common law, and in all States where the matter is not controlled by statute, the liability of partners is joint and not several, and therefore that a partnership debt cannot be used as a set-off against the claim of a partner individually. Parsons on Partnership (4th Ed.), § 262, and cases cited.

In *Mason* v. *Eldred,* 6 Wall. (U. S.) 231, Mr. Justice Field, among other things, said:

"But in copartnerships there is no such several liability. * * * Copartnerships are formed for joint purposes. The members undertake joint enterprises, they assume joint risks, and they incur in all cases joint liabilities. In all copartnership transactions this common risk and liability exist. Therefore it is that in suits upon these transactions all the copartners must be brought in, except when there is some ground of personal release from liability, as infancy or a discharge in bankruptcy; and if not brought in, the omission may be pleaded in abatement."

The contention of defendant is that this was a partnership agreement and therefore a joint and several liability, which could be set off in any suit brought by one of the partners or his assignee against a person holding a claim against the partnership, and the court held that the covenant in this deed, upon which defendant relied, was a joint and several obligation. The deed was made and executed by Bennett, plaintiff's assignor, and his partner, Gee, together with their wives, in their individual names,

without any reference to partnership relations. They covenanted as follows:

"Parties of the first part, for themselves, their heirs, executors, and administrators, do covenant, grant, bargain, and agree to and with the said party of the second part, his heirs and assigns, that at the time of the ensealing and delivery of these presents they are well seised of the above granted premises in fee simple; that they are free from all incumbrances whatever," etc.

This covenant is in all respects a joint covenant and the liability under it a joint liability. If defendant had brought suit against plaintiff's assignor upon a breach of this covenant, he could have pleaded the nonjoinder of his cograntor in abatement, and consequently the plaintiff could not have set off the individual claim for commission for which this suit was brought. We are cited to cases claimed by defendant to hold to the contrary, but they are distinguishable.

In the covenant under consideration there are no words of description of the parties or any evidence of intent that the covenants were several.

Reliance is placed by defendant on the case of *Redding* v. *Lamb,* 81 Mich. 318 (45 N. W. 997), an examination of which clearly shows the distinction between that case and the instant case. In that case the parties described themselves and their different interests as "the widow and heirs of Benjamin Wilson, deceased," and individually entered into the covenant of warranty, and this court so construed the instrument.

It follows that upon neither proposition can the contention of the defendant be sustained, and that it was error to allow this joint claim against defendant's grantors as a set-off against plaintiff's demand. Defendant's remedy is against his grantors jointly. The court was in error in allowing such set-off.

The judgment of the circuit court is reversed; and, it appearing from the uncontradicted testimony in the case that the services upon which this suit was brought were rendered and were of the value claimed by plaintiff, a judgment for $110, the amount thereof, together with interest at 5 per cent. from July 13, 1910, the date of the commencement of this suit, will be entered in this court in favor of plaintiff.

STEERE, C. J., and MOORE, BROOKE, KUHN, STONE, OSTRANDER, and BIRD, JJ., concurred.