MACHEN *v.* BUDD WHEEL CO.

1. JUDGMENT—SUBJECT-MATTER—RES JUDICATA.
    Subject-matter of litigation that becomes *res judicata* is the right
    which one party claims against the other and on which a judg-
    ment is demanded.

2. SAME—COLLATERAL OR NEW SUIT.
    An adjudication once had will be held conclusive in either a col-
    lateral suit or any new suit where retrial of subject-matter is
    sought.

3. SAME—ASSIGNMENT OF INVENTION—RES JUDICATA.
    Dismissal of case, arising out of assignment of invention, upon
    merits disposes of all issues involved therein or which might
    have been passed upon.

4. SAME—RES JUDICATA.
    Doctrine of *res judicata* rests upon the principle that a question
    once determined by a court of competent jurisdiction by a
    judgment on the merits is forever settled so far as the litigants
    and those in privity with them are concerned.

Appeal from Wayne; Marschner (Adolph F.), J.
Submitted October 3, 1933. (Docket No. 22, Cal-
endar No. 37,331.) Decided December 19, 1933.

Assumpsit by Charles Hudson Machen against
Budd Wheel Company, a Pennsylvania corporation,
for use of invention assigned to defendant's prede-
cessor. From order dismissing action, plaintiff ap-
peals. Affirmed.

*Wm. Henry Gallagher* (*S. Reymont Paul*, of coun-
sel), for plaintiff.

*Lightner, Hanley, Crawford, Sweeney & Dodd,*
for defendant.

SHARPE, J.   In January, 1921, the plaintiff filed a bill of complaint in the United States district court for the eastern district of Pennsylvania, against the Budd Wheel Corporation, a Virginia corporation, alleging therein that he was employed by the corporation as a salesman from July 15, 1918; that in the latter part of that year he invented a patentable method of rolling tapered steel discs; that when he so informed the president of the corporation he was told that he would have to assign his invention and his right to a patent to the corporation or submit to a dismissal from its employ; that he made such assignment upon being assured "that if he would make the assignment his salary would be increased from time to time in proportion to the increased use of the invention, the plaintiff's future with the company definitely assured, and that it would be to the great benefit and advantage of the plaintiff to make the assignment to the defendant;" that the defendant did not increase his salary nor continue him in its employ, but discharged him in October, 1919, and that he received no benefit or advantage by reason of the assignment.

In the prayer for relief he asked, among other things:

"That the defendant be ordered to pay to plaintiff all moneys, profits, or other valuable things which it acquired, or may acquire, by reason of the aforesaid assignment to it by the plaintiff of the latter's right, title and interest in said device or process for making tapered steel discs."

The case came on for trial before Judge Dickinson on May 18, 1923. In his opinion he reviewed the claims of the plaintiff at some length, and stated that under the facts in the case he was unable to find "that any legal wrong had been done him or any

damage for which either procedural law or equity provides relief," and entered a decree dismissing the bill of complaint. No appeal was taken, but, later, the plaintiff applied for leave to file a bill of review, which was denied.

On June 3, 1924, plaintiff commenced an action at law in the court of common pleas in the county of Philadelphia against the Budd Wheel Company, averring it to be the successor of the Budd Wheel Corporation. In his amended declaration he alleged his invention and the assignment of it to the Budd Wheel Corporation, substantially as in the bill of complaint in the Federal court; that the corporation used his invention and breached the agreement by his discharge, and that he thereby lost the benefit of the contract entered into by him and sustained damages to the amount of $1,000,000.

On January 12, 1927, and before the trial began, by permission of the court he again amended his declaration by inserting therein the following:

"The plaintiff sues to recover from defendant the reasonable value of the invention and patent application which he assigned to the defendant as aforesaid on or about March 26, 1919, which reasonable value is at least $1,000,000."

The answer of the defendant was a denial of plaintiff's right to recover, to which was added the defense of *res judicata,* based upon the claim that the rights of the plaintiff under his agreement resulting in the assignment had been directly passed upon by the Federal court. In the trial court plaintiff had verdict and judgment, which, on appeal to the supreme court of that State, was reversed and set aside and a judgment entered for the defendant on September 24, 1928. *Machen* v. *Budd Wheel Co.,* 294 Pa. 69 (143 Atl. 482). After a lengthy consid-

eration of the facts presented and the law applicable thereto, the court said:

"The conclusion is inevitable and must be reached that plaintiff is not entitled to recover, first, because the alleged contract is too indefinite and uncertain to be enforced, and second, because the subject-matter of his suit is *res judicata.*"

The Budd Wheel Company was admitted to do business in this State on April 2, 1925. On April 22, 1931, the case now before us for consideration was commenced. There are five counts in the declaration filed; the last containing the common counts. While the allegations in the others differ somewhat, plaintiff's right to damages is based upon his claim that he assigned his invention to the corporation on an agreement on its part that it would compensate him therefor by an increase in wages, "graduated in accordance with the increased usefulness and value of said invention to said corporation;" "That said defendant since purchasing the assets of the said Budd Wheel Corporation has continued to manufacture disc wheels using plaintiff's invention and thereby has become indebted to plaintiff for the reasonable value from time to time of the use of said invention to said defendant;" and that there is now due him such sum as represents the value of the use of the patent to defendant for six years prior thereto.

The answer of the defendant contained a denial of the allegations on which the right to recover was based, and set forth the claim that plaintiff's rights under the alleged contract had been adjudicated in the Federal and State courts of Pennsylvania adversely to the plaintiff and thus become *res judicata,* and, also, that his claim was barred by the statute of limitations (3 Comp. Laws 1929, § 13976).

A motion to dismiss for the reasons above stated was thereafter made, and, after due consideration, the trial court filed an opinion in which he stated:

"It seems clear from a reading of the records and a consideration of the opinions filed in the Federal court and subsequently by the Pennsylvania supreme court that the identical cause of action here presented was there disposed of, and that plaintiff here endeavors to pursue the same cause of action based upon the same set of facts."

He entered an order dismissing the cause, from which the plaintiff has taken this appeal.

On the hearing of the motion, the first volume of the printed record used on the appeal to the supreme court of Pennsylvania, which contains the pleadings in that case and in the district court, was put in evidence. The opinions of the trial judges in each of the cases also appear therein.

The claim here made by plaintiff is based upon his rights arising out of the assignment of his invention to the Budd Wheel Corporation. While his declaration does not specifically so state, it is the claim of its counsel that it "is one based upon an implied contract." He alleges that defendant has used his invention, and is liable to account to him for the reasonable value thereof. In the bill of complaint filed in the Federal court the plaintiff alleged:

"That the said defendant has used said patentable invention in its business with large resulting benefits and profits therefrom, which profits, under the facts of the case, your orator avers belong, in equity, to your orator."

And in his prayer for relief he asked that the defendant be ordered to pay him therefor. In his amended declaration, filed in the court of common

pleas, heretofore quoted, he also alleged the use of the invention and his right to recover the reasonable value thereof. There was dismissal in both cases.

While it is his claim that these issues were not expressly passed upon in those courts, which defendant denies, he had the right to have them passed upon as dismissals were upon the merits of the cases.

In *Jacobson* v. *Miller,* 41 Mich. 90, 93, 94, it was said:

"The subject-matter involved in a litigation is the right which one party claims as against the other, and demands the judgment of the court upon."

And:

"If an adjudication is once had, and any question respecting it arises afterwards in a collateral suit, the adjudication will be held conclusive. It will also be conclusive in any new suit in which either party, by his pleadings, endeavors to put in issue and thus retry the subject-matter of the former adjudication, or any portion thereof."

In *Harrington* v. *Huff & Mitchell Co.,* 155 Mich. 139, 141, the court quoted with approval the following from *Harrison* v. *Remington Paper Co.,* 72 C. C. A. 405 (140 Fed. 385, 3 L. R. A. [N. S.] 954, 5 Ann. Cas. 314):

"When the second suit is upon the same cause of action and between the same parties as the first, the judgment in the former suit is conclusive in the latter as to every question which was or might have been presented in the former."

See, also, *Jenkinson* v. *Wysner,* 125 Mich. 89; *Burgess* v. *Stribling,* 134 Mich. 33, and *Hall* v. *City of Kalamazoo,* 141 Mich. 503.

The doctrine of *"res judicata"* rests upon the principle that a question once determined by a court of

competent jurisdiction by a judgment on the merits is forever settled so far as litigants and those in privity with them are concerned. When applied to the facts here presented, it precludes recovery on the part of the plaintiff.

The order dismissing the cause is affirmed, with costs to the defendant.

McDonald, C. J., and Weadock, Potter, North, Fead, Wiest, and Butzel, JJ., concurred.