## SARGEANT v. GRIMES.
### No. 975.

Circuit Court of Appeals, Tenth Circuit.
April 4, 1934.

Rehearing Denied May 15, 1934.

Victor A. Miller, of Denver, Colo., for appellant.

Max P. Zall and Irving Grimes, both of Denver, Colo., for appellee.

Before PHILLIPS, McDERMOTT, and BRATTON, Circuit Judges.

PHILLIPS, Circuit Judge.

In 1931 Grimes commenced an action in the district court for the city and county of Denver, Colorado, against the partnership of Otis & Company. The second amended complaint alleged that the partnership was composed of Raymond Sargeant and others.

On account of defects in the first summons issued and served, an alias summons was issued. The alias summons was served on Sargeant as a partner on August 6, 1931. The partnership appeared and filed its answer to the second amended complaint, in which it alleged that Sargeant was not a member of the partnership at the time of the service of either the original or the alias summons, and certain other defenses. To this answer Grimes filed a replication in which he denied generally and specifically the allegations of the answer.

On March 7, 1933, the cause came on for trial. The jury returned a verdict in favor of Grimes for $21,560. During the January 1933 term, judgment was entered against the partnership for $21,560. Thereafter, during the April 1933 term, on motion of Grimes the judgment was amended "as of April 3, 1933."

The material portion of the judgment as corrected—the amendatory matter being italicized—reads as follows:

"It is the order of the court that the said plaintiff do have and recover of and from the said defendant Otis and Company, a co-partnership, *and Raymond Sargeant*, a co-partner, the sum of Twenty-one Thousand Five Hundred Sixty Dollars ($21,560.00) his damages so by the jury assessed; together with his costs in this behalf laid out and expended, to be taxed; and have execution therefor."

In his complaint herein Sargeant alleged the foregoing facts; asserted that he was not a party to the state court action and that the amended judgment was entered therein after the court had lost jurisdiction over the cause, and therefore the action of the state court in sustaining the amended judgment denied him due process of law; and prayed that the enforcement of the amended judgment be enjoined.

Grimes filed a demurrer to the complaint in the instant cause. The court treated it as a motion to dismiss and entered a decree dismissing the complaint. Sargeant has appealed.

The action in the state court was brought pursuant to section 14 of the Colorado Code, 1921; Id. Colo. Code Ann. 1933, which reads as follows:

"When two or more persons, associated in any business, transact such business under a common name, whether it comprises the names of such persons or not, the associates may be sued by such common name, the summons in such cases being served on one or more of the associates; but the judgment in such cases shall bind only the joint property of the associates and the separate property of the party served."

■ The general rule at common law is that where the obligation is joint only, all the joint obligors must be made parties defendant, and must be sued jointly. Mintz v. Tri-County Natural Gas Co., 259 Pa. 477, 103 A. 285, 286; Chitty on Pleading (16 Am. Ed.) p. 65; Wood v. Farmer, 200 Mass. 209, 86 N. E. 297; Van Leyen v. Wreford, 81 Mich. 606, 45 N. W. 1116; Munn v. Haynes, 46 Mich. 140, 9 N. W. 136; Smith v. Miller, 49 N. J. Law, 521, 13 A. 39, 41.

The purpose of section 14, supra, is to change the common-law rule and provide a procedure whereby a partnership may be sued upon a partnership obligation, service made upon one or more but not all of the partners, and a judgment rendered binding the partnership and its property, and the individual property of the partners served as partners. Note 1.

Counsel for Sargeant rely upon Craig v. Smith, 10 Colo. 220, 15 P. 337, 338. In that case an action was brought against a partnership on an alleged partnership debt. Judgment was rendered against Craig, the partner served with process, as if for an individual debt. In the opinion therein the court said:

"Craig was served with process solely as a partner, and as a partner he responded and defended. * * * The individual property of Craig, as one of the partners, aside from his interest in the partnership property, might be subjected to the payment of a partnership debt; but this fact does not affect his right to have the judgment for a firm debt entered against the firm, and the whole partnership property thus made liable for such debt; nor can it render valid a judgment against one not a party to the record."

But here the judgment was not rendered against Sargeant as if for an individual debt; it was against the partnership, and against Sargeant as a partner; it bound Sargeant as a partner for his liability as such, not for an individual liability. Under the judgment Sargeant had the right to insist that the assets of the partnership be exhausted before his individual property could be taken to satisfy the judgment. The summons served was notice to Sargeant that he might appear in the case and set up any defense to the partnership liability and to his liability as a partner.

---

Note 1. Ellsberry v. Block, 28 Colo. 477, 65 P. 629; Peabody v. Oleson, 15 Colo. App. 346, 62 P. 234, 235; Adamson v. Bergen, 15 Colo. App. 396, 62 P. 629; Barnes v. Colorado Springs & C. C. D. R. Co., 42 Colo. 461, 94 P. 570. See, also, New Coronado Coal Co. v. Jasper, 144 Ark. 58, 222 S. W. 22; Spangenberg v. Galena Perforating Co., 92 Okl. 185, 218 P. 804; Heaton v. Schaeffer, 34 Okl. 631, 126 P. 797, 43 L. R. A. (N. S.) 540.

In Ellsberry v. Block, supra, the court said:

"Other material Code provisions are to the effect that two or more persons transacting business under a common name may be sued by such name, and the summons served on one or more of the associates, but the judgment in such case shall bind only the joint property of the associates and the separate property of those served. Section 14. In an action against defendants jointly indebted, the plaintiff may have judgment against all such defendants, but such judgment can only be enforced against the joint property of all and the separate property of the defendants served. Section 42. The purpose of these provisions was to provide a method of procedure whereby a partnership might be sued upon its obligations, its members brought into court, judgment rendered which would bind the firm and individuals served, and that those not served with summons might be subsequently brought in, and a judgment entered which would be personally binding upon them. These provisions do not alter any of the fundamental principles of the law as to the joint liability of partners, but are merely intended to change the common law in point of practice; for, according to the rules of the latter, in an action at law against several defendants jointly liable only, all must be served with process before judgment could be rendered. Neither have they changed the equitable rule that in an action at law upon a partnership obligation the members served with process have the right to insist that the assets of the firm shall be exhausted before resort can be had to their individual property for the satisfaction of firm indebtedness."

In Peabody v. Oleson, supra, the court in referring to section 14, supra, said:

"The above section only provided a method of suing a partnership in addition to the remedy then existing. It made the service of summons upon one partner sufficient to bring the partnership into court, and bind its property by the judgment. In such case no personal judgment could be obtained against the partners not served; and, as to them, the judgment rendered could bind only their interests in the partnership property. The judgment should be against the partnership, and in a proper manner the individual property of the member or members served might be reached for the purpose of satisfying it."

Whether the court had the power at the April term to correct the judgment entered at the January term, is a question of Colorado law. It presents no federal question.

In the case of Thompson v. Sweet, 91 Colo. 552, 17 P.(2d) 308, 310, it was held that such an amendment was the correction of a clerical error and might be made after the expiration of the term at which the judgment was rendered. The court there said:

"The complaint stated a cause of action against the partnership and each partner, and prayed a joint and several judgment. The evidence supported such a judgment, and both partners were served. Judgment was first entered against the partnership and after the term had expired and the bill of exceptions was settled and approved, the error was discovered and on Sweet's motion a nunc pro tunc order was entered making the necessary · amendment. This was the mere correction of a clerical error and since it might have been made without violating the provisions of section 81 of the Code, p. 116, C. L. 1921, and since the application to amend is not abstracted, the presumption is in favor of the judgment as it stands."

We conclude therefore that the action of the state court was not a denial to Sargeant of due process of law.

The decree is affirmed.