**FREDSTROM v. GIROUX POST, NO. 11 OF AMERICAN LEGION, et al.**

**No. 347.**

United States District Court
W. D. Michigan, N. D.

Jan. 6, 1951.

984

William F. Pellow, Bessemer, Mich., E. L. Gruber, of McCabe, Gruber, Clure, Donovan & Crassweller, Duluth, Minn., for plaintiff.

William G. Cloon, Robert R. Wright, Ironwood, Mich., for defendants.

STARR, District Judge.

The plaintiff filed complaint against Giroux Post No. 11 of the American Legion, an unincorporated voluntary association, and eleven individuals, to collect a balance alleged to be due for labor and materials furnished by him in connection with the remodeling of a building in Wakefield, Michigan. Plaintiff alleged that a written contract for such remodeling, entered into between himself and the defendant Post, was signed "American Legion Club Building Committee. (By) James D. Bedell, Ernest C. Trettin and Arthur T. Stoughton," and that the individual defendants were all members of the Post and members of a duly appointed committee, acting in behalf of the Post and themselves and others, in the negotiation of such contract and the performance thereof. The individual defendants, appearing specially, have filed a motion to dismiss the complaint as to themselves, on the following grounds:

(1) That individual defendant Victor Lepisto was not and never has been a member of Giroux Post No. 11.

(2) That when a suit is brought against an unincorporated voluntary association in Michigan, pursuant to Comp.Laws Mich. 1948, § 612.12, Stat.Ann. § 27.664, no individual members of the association may be joined as defendants unless all of the members are joined.

(3) That, as all of the members of the Giroux Post were not joined as defendants, the court has no jurisdiction over the eleven members who were named as defendants, because the individual members of the Post who have not been joined are indispensable parties.

The rule is well settled that in considering a motion to dismiss, all the well-pleaded material facts shall, for the purpose of the motion, be assumed to be true. 5 Cyclopedia of Federal Procedure, p. 245. In State of Arizona v. State of California, 283 U.S. 423, 452, 51 S.Ct. 522, 525, 75 L.Ed. 1154, the court said: "A motion to dismiss, like a demurrer, admits every well-pleaded allegation of fact." Therefore, as the complaint alleges that defendant Victor Lepisto is a member of the Post, the court, for the purpose of this motion, assumes the truth of that allegation. The question of fact, whether Lepisto is or ever was a member of the Post, can better be determined upon a trial on the merits than upon this motion.

Defendants' second contention, that no individual members of the association may be joined as defendants unless all of the members are joined, is based upon the erroneous construction which they place

upon Comp.Laws Mich.1948, § 612.12,[1] which provides as follows: "Whenever any unincorporated voluntary association, club or society, shall be formed in this state or shall conduct or transact business in this state or shall maintain an office or place of business in this state, composed of 5 members or more, having some distinguishing name, actions at law or in chancery may be brought by or against such association, club or society, by the name by which it is known: Provided, That this section shall not take away the right of the litigant to proceed against all the members of such association, club or society, if such litigant shall so elect to proceed."

The individual defendants contend that the above proviso prohibits the plaintiff from proceeding against less than all members of the Post and that if he desires to proceed against any individual members, he must proceed against all. In Jenkinson v. Wysner, 125 Mich. 89, 83 N.W. 1012, 1013, in construing a Michigan statute substantially similar to that quoted above, the court said: "That statute (3 Comp.Laws 1897, § 10025) provides for the bringing of suits against unincorporated voluntary associations. * * * Without this statute the association could not be sued, because it has no legal existence. The remedy provided is merely cumulative; it does not take away the right to sue members of the association". Therefore, it is clear that plaintiff retains whatever rights he had against the individual members of the Post, and his right to sue them is not affected by the enactment of the statute.

Relying on dicta in the opinions in Clark v. O'Rourke, 111 Mich. 108, 69 N.W. 147, and Detroit Light Guard Band v. First Michigan Independent Infantry, 134 Mich. 598, 96 N.W. 934, defendants claim that the individual members of an unincorporated association, when sued upon contracts entered into on behalf of the association, could interpose by a plea in abatement the plaintiff's failure to join all the members of the association. In both the Clark and Light Guard Band Cases certain individual members of unincorporated voluntary associations, when sued personally upon contracts of the association, raised the defense on appeal to the Supreme Court of Michigan that all the members of the association were not joined. In the Clark Case the court said, 111 Mich. at page 113, 69 N.W. at page 149: "Defendants cannot now raise the question that others, not made parties defendant, are *jointly* liable with them. If they desired to raise this question, they should have interposed a plea in abatement." In the Light Guard Band Case the court said, 134 Mich. at page 602, 96 N.W. at page 936: "If other members liable on the contract were not made parties, this defense could be interposed only by plea in abatement." In neither of these cases did the Supreme Court state what the ruling should have been if the nonjoinder of all members had been raised by plea in abatement in the lower courts. It is, therefore, obvious that these decisions are not determinative of the question raised by defendants' motion in the present case.

In a suit on a joint debt there can be no recovery against less than all of the debtors. Stewart v. Terwilliger, 177 Mich. 313, 143 N.W. 17; Van Leyen v. Wreford, 81 Mich. 606, 45 N.W. 1116; Post v. Shafer, 63 Mich. 85, 29 N.W. 519. In Schram v. Perkins, D.C., 38 F.Supp. 404, 407, the court pointed out that "The main attribute of a *joint* liability, as distinguished from a *several* or a *joint and several* liability, is the right of one joint obligor to insist that his co-obligor be joined as a co-defendant with him, i. e.: that they be sued jointly." In 7 A.L.R. p. 222 it is stated: "The members of a voluntary association are *jointly and severally* liable as principals on contracts purporting to have been made by, for or in the name of the association, when they have given either their assent or their subsequent ratification." See Cousin v. Taylor, 115 Or. 472, 239 P. 96, 41 A.L.R. p. 754; Johnson v. California Interurban Motor Transp.

---

1. The judicature act of 1915, ch. 12, § 12, Act No. 314, ch. 12, § 12, Pub.Acts Mich. 1915, as amended by Act No. 238, Pub. Acts 1929.

986

Ass'n, 24 Cal.App.2d 322, 74 P.2d 1073, 1081. Comp.Laws Mich.1948, § 612.15, Stat.Ann. § 27.667,[2] provides: "It shall be lawful for any plaintiff to include in 1 action as defendants, *all or any* of the parties who may be *severally,* or *jointly and severally* liable, and to proceed to judgment and execution according to the liability of the parties."

As section 612.12, upon which defendants rely, and section 612.15, are both embodied in the judicature act of 1915,[2] they must be construed together and, if possible, so construed as to avoid inconsistency. It is established that the members of an unincorporated voluntary association are *jointly and severally* liable as principals on a contract made by, for or in the name of the association, when they have assented to or ratified the contract. Hence, under section 612.15 quoted above, a plaintiff having a cause of action against the members of a voluntary association whose liability is several, or joint and several, may proceed in one suit against *all or any* of them. Therefore, it is clear that the construction which defendants seek to place on the proviso of section 612.12 would render the two sections, 612.12 and 612.15, flatly contradictory, that is, section 612.12 would force a plaintiff to join *all* the members of an unincorporated voluntary association who were jointly and severally liable, while section 612.15 expressly authorizes proceeding against *all or any* of a group whose liability is joint and several. When these two sections are construed together, it is clear that under the proviso of section 612.12 a plaintiff retains those remedies which the law affords him against each member of an unincorporated voluntary association, and as such members are jointly and severally liable on contracts of the association which they have assented to or ratified, he may under section 612.15 proceed against all or any of them.

Defendants' final contention is that under rule 19 of the Federal Rules of Civil Procedure, 28 U.S.C.A. all of the members of the Giroux Post No. 11 are indispensable parties and that this court has no jurisdiction to proceed against the eleven individual defendants when other members who are indispensable parties are not joined as defendants. The court agrees that absence of an indispensable party precludes the court from proceeding with a case. Ducker v. Butler, 70 App. D.C. 103, 104 F.2d 236; Miller v. Mangus, 10 Cir., 125 F.2d 507; 5 Federal Rules Service 820; 2 Barron and Holtzoff, p. 52. However, in 2 Barron and Holtzoff, p. 63, it is stated: "In contract actions the question whether an obligor is an indispensable or necessary party depends upon whether his interest is joint, several or joint and several. In the first instance he is indispensable. In the other two he is merely necessary."

Therefore, as the liability of the members of defendant Giroux Post, an unincorporated voluntary association, on contract made by, for, and on behalf of the association is *joint and several,* the members of the Post who are not joined as defendants in the present suit are not indispensable parties. In summary, the court concludes that plaintiff could bring the present action against the defendant Post and such of the individual members as he desired to join as parties defendant. The question as to whether the individual members joined as defendants are liable to plaintiff can be determined only upon a trial on the merits.

For the reasons stated herein, the motion of the individual defendants to dismiss as to themselves is denied, and an order will be entered accordingly. All defendants are allowed 20 days from the date hereof within which to file their respective answers to the complaint. No costs are allowed.

2. The judicature act of 1915, ch. 12, § 15, Act No. 314, ch. 12, § 15, Pub.Acts Mich. 1915.