## FRANK R. BUTTON v. CHARLES M. WINSLOW.

When one purchases property, orders, and accepts it, he binds himself, as a matter of course, *unless he discloses a principal whom he can, and does bind;* thus, the defendant bought powder of the plaintiff to celebrate the Fourth of July, and not binding the "executive committee," his liability follows.

THIS case was heard on the report of referee, at the March Term, 1880, BARRETT, J., presiding. Judgment for the plaintiff. The referee reported as follows :

That the citizens of Brandon celebrated the 4th of July, 1876 ; that various committees were chosen to make arrangements for such celebration ; among others, a " powder committee," an " executive committee," &c. Defendant was a member of the executive committee, and as such member he bought of plaintiff, to be used in the celebration aforesaid, twenty-one kegs of powder at the agreed price of four dollars per keg. Plaintiff purchased said powder expressly for this purpose. The funds to pay the expenses of said celebration had been raised by subscription among the citizens ; but were insufficient to pay all bills. At the time of the purchase of said powder of plaintiff by this defendant, the plaintiff asked him his authority, and he (the defendant) told him " Mr. Pitts, the chairman of the executive committee, is my authority." I find that plaintiff understood that defendant himself was the committee to buy powder, or one of the committee, and the responsible man. Neither party testified to the exact language or conversation used on the occasion of the purchase

of said powder. Defendant had nothing further to do with the powder matter except the purchase as above stated. No dispute was made as to plaintiff's account except the item for said powder. Plaintiff first charged said powder to the " centennial committee," and afterwards charged it to defendant, by name. The undisputed item of $47.99 I allow with interest from 1st March, 1878, $8.45, making $56.44 ; and if, on the foregoing facts, the court decides that the defendant is liable for said powder, then, I find due the additional sum of $84, and interest from 4th of July, 1876, $18,14, making $102.14, and making in the whole, $158.58.

*Joel C. Baker*, for the plaintiff.

The contract is the defendant's ; if he intended not to incur personal liability, he should see that he give a remedy against some principal. *Proctor* v. *Webber*, 1 D. Chip. 371 ; 13 Johns. 57 ; *White et al.* v. *Skinner*, Ib. 307 ; *Ives* v. *Hulett*, 12 Vt. 314 ; *Royce* v. *Allen*, 28 Vt. 234. The most the defendant can say, is, that he is liable with others ; but he can take advantage of the non-joinder only by plea in abatement. *McGregor* v. *Balch et al.*, 17 Vt. 562 ; *Hyde* v. *Lawrence*, 49 Vt. 361.

*J. B. Phelps*, for the defendant.

The defendant in this case makes the following claims :

1. That the defendant did not, in the purchase of the powder in this case, pledge his personal credit, and that the plaintiff did not understand him to pledge his personal credit, and that the plaintiff had no right to understand him as pledging his personal credit.

2. That the powder was ordered solely upon the credit and under the authority of Mr. Pitts.

3. If it is thought that the defendant, in ordering the powder, was acting in his official capacity as a member of the executive committee, rather than as agent for Mr. Pitts, still the defendant is not liable.

Even if the defendant had falsely represented himself as authorized by Mr. Pitts, the action would not be, like this, assumpsit for the price of the powder, but case for the false representations. *Abbey* v. *Chase*, 6 Cush. 56.

The opinion of the court was delivered by

REDFIELD, J.   The people of Brandon celebrated the Fourth of July.   They appointed an " executive committee " to make the necessary preparations.   The defendant as one of such committee purchased of the plaintiff twenty-one kegs of powder, at the agreed price of $4.00 per keg.   At the time of the purchase, the plaintiff asked the defendant " his authority," and the defendant replied, " Mr. Pitts, chairman of the executive committee, is my authority" ; and the referee reports that from this conversation, the " plaintiff understood that the defendant himself was the committee to buy powder, or one of the committee, and the responsible man."   The report is meager, but the fact is stated that in selling the powder the plaintiff understood defendant was one of the committee to buy powder, and the *responsible man*, and there is intimation, in the report, that defendant gave the plaintiff no reason to understand otherwise ; on the contrary, it is apparent that the plaintiff might, properly, so understand the defendant.   He agreed upon the price, and ordered the powder, and his liability therefor followed as a matter of course, unless he represented himself the agent of a principal, whom he could bind.   The fact that he stated that Pitts was chairman of the executive committee, and his authority for buying the powder, is not a statement that he bought the powder for, and as agent of Pitts.   It is proper to " make a great noise " on such an anniversary ; but it is also most proper, that the man who buys the powder should pay for it, unless he avows an agency that fixes the liability on another.   And this we think is strictly legal.

Judgment affirmed.