Argued July 8, reversed in part September 8, 1925. ·

# EDWARD M. COUSIN *v.* WALTER K. TAYLOR ET AL.

(239 Pac. 96.)

**Associations—Members of an Unincorporated Association are Liable as Principals for Authorized Acts of Agents to Which They have Consented.**

1. Though an unincorporated association cannot itself be bound by contracts entered into by agents in its behalf, its members are bound as principals by contracts entered into by their agents in the scope of their authority, where such members expressly or impliedly consented to such contract.

**Associations—Agent of an Unincorporated Association is Personally Liable on Contract Made by Him With Another and Fully Performed by Latter.**

2. Where defendant assumed to act as agent of an unincorporated association in contracting with plaintiff, who fully performed the contract, he is personally liable under the contract, since the association cannot be bound, and refusal to grant a requested instruction, as to such law, was reversible error.

**Contracts—General Denial to Action for Services Does not Put in Issue Question as to Whether Plaintiff Agreed to Look Elsewhere for Compensation.**

3. Under a general denial in action to recover for services performed, defense that plaintiff agreed to look to a fund to be raised for his compensation cannot be proved.

---

1. Personal liability of member of unincorporated association on contract made on behalf of association, see notes in 21 Ann. Cas. 1088; Ann. Cas. 1916A, 853.

3. See 21 R. C. L. 566.

Contracts—Defense to an Action for Services That Defendant
    Agreed to Look Elsewhere for Compensation Raises Question
    as to Whom Credit was Knowingly Given.

4. In an action for recovery of services, defense that plaintiff
agreed not to hold defendant personally liable, but to look to a
fund to be raised raises question as to whom credit was knowingly
given, according to the understanding of the parties.

See (1) 5 C. J. 1345, 1349.   (2) 5 C. J. 1351, 1352.   (3) 13 C. J.
736.   (4) 5 C. J. 1373 (Anno.).

From Benton: James W. Hamilton, Judge.

Department 1.

REVERSED IN PART.

For appellant there was a brief and oral argument
by *Mr. B. G. Skulason.*

For respondent there was a brief over the name of
*Messrs. Denman & Sweek,* with an oral argument by
*Mr. C. A. Sweek.*

RAND, J.—Plaintiff brought this action against
Walter K. Taylor, S. S. Harrelson and fourteen other
defendants to recover for services performed at a rate
hearing before the Oregon Public Service Commis-
sion.  His right of recovery is based upon an alleged
employment by Taylor, who, he alleges, was acting
for himself individually and as agent of the other
defendants.  In support of his allegation he offered
testimony tending to show that at a hearing before
said commission to establish a schedule of rates to
be charged by the Pacific Telephone and Telegraph
Company for telephone service an order was made
fixing rates that were unsatisfactory to the telephone
users.  That mass meetings were held, at one of
which those present organized themselves into what
was known as the Oregon Telephone Federation,
whose purpose was to obtain a rehearing before the
commission and a reduction of rates.

The bill of exceptions recites that,—

"The plaintiff testified in support of the allegations of the complaint, to the effect that he had been employed by the defendants to render the services described in the complaint, and called as a witness in his behalf one T. A. Logsdon who testified that he was the secretary of a certain organization of telephone users in the County of Benton and other counties, organized in April, 1921, and known as the Oregon Telephone Federation; that as such officer he recorded the minutes of the meetings of said organization, which was a voluntary, unincorporated association, and that on the second day of May, 1921, a meeting was held of representatives of said association from the several counties, at Albany, Oregon, at which meeting certain of the defendants, acting as such representatives, authorized two of the defendants, namely: Walter K. Taylor and E. W. Zumwalt to engage a rate expert to represent themselves and said Federation at a hearing in regard to telephone rates to be held before the Public Service Commission of the State of Oregon. The plaintiff further testified that pursuant to this authority the defendant Walter K. Taylor, on behalf of said defendants who authorized the said Walter K. Taylor and E. W. Zumwalt to engage a rate expert as aforesaid, employed the plaintiff on or about the sixth day of May, 1921, to represent the said defendants, and said federation, at such rate hearing, and promised to pay him for his services the sum of Two Thousand Dollars ($2,000) and necessary disbursements."

At the conclusion of the testimony offered on behalf of the plaintiff the trial court gave judgment of nonsuit against plaintiff as to all of the defendants except Taylor and Harrelson, and permitted the trial to proceed as to them. The jury returned a verdict in their favor. Plaintiff appealed and assigns as error, the giving of said judgment of nonsuit, certain instructions, the court's refusal to charge as re-

quested, and certain rulings of the court upon the admissibility of testimony objected to by plaintiff.

The instructions given and excepted to were to the effect that if the defendants Taylor and Harrelson, in employing plaintiff, were acting as agents of said association they would not be personally liable. And the instruction requested and refused was as follows:

"I instruct you that an officer of an unincorporated association who enters into a contract in behalf of the association is liable on such contract as an individual, irrespective of the liability of the associated members. Therefore, if you find from the evidence in this case that the defendants, or some of them, were members and officers of an unincorporated association of telephone users, and they as such officers employed the plaintiff to conduct a rehearing of the telephone rates in question before the Public Service Commission, in behalf of themselves and such other telephone users, and further find that the plaintiff accepted such employment, and rendered such service, then the defendants, or defendant so engaging the plaintiff became individually liable to him upon such contract of employment."

From the recitals contained in the bill of exceptions and other parts of the record, it appears that the Oregon Telephone Federation was a mere voluntary, unincorporated association, which was not organized to conduct business for a pecuniary profit, and possessed none of the elements of a partnership. Its members, therefore, were not liable as partners. The association was not a legal entity and had no legal existence distinct from its membership. So far as the record shows, no articles of association were adopted by the members of the association, and it had no constitution, by-laws or contract between its members. A record was kept of the transactions had at the various mass

meetings referred to, and this record shows that at one of said meetings the persons present, by a resolution or motion, which was passed without dissent, declared themselves to be members of the Oregon Telephone Federation, and elected Taylor and Zumwalt as agents of the Federation and authorized them to employ a rate expert to assist them in obtaining a rehearing upon the order of the commission and a reduction of the rates fixed by the order. Evidence was offered tending to show that pursuant to this authority Taylor employed plaintiff, and plaintiff performed the service contracted for.

1. Since this association was not a legal entity and there is no statute in this state authorizing such an organization, or defining the duties, powers and liabilities of the members of such an association when voluntarily formed, the association could neither sue nor be sued, and as such it had no capacity to enter into a contract or to appoint an agent for any purpose. Therefore a contract entered into in the name of the association, or in its behalf, by any of the officers or members of the association would not be binding upon the association or enforceable against it. But no such a limitation exists upon the powers and liabilities of the individual members who compose such an association. As individuals they are free to contract, and to appoint agents or committees to enter into contracts for them, and any such contract when thus entered into by such agent or committee, if within the scope of the authority conferred is binding upon them as principals. It is true that no person can be charged upon a contract alleged to have been made upon his responsibility unless it can be shown that to the making of that contract upon his responsibility he has given his express or implied con-

sent. While under this principle no member of the association would be directly responsible as principal upon a contract made by Taylor, unless it was first shown that to the making of the contract by Taylor such member gave his assent, expressly or impliedly, but when it was shown that any member of the association present at the meeting assented to the appointment of Taylor for the purpose of employing plaintiff, or assented to the making of the contract by Taylor, or ratified and approved the contract after it was made, then under this principle such person would be directly responsible as principal. There was evidence tending to show that some of the defendants in whose favor a judgment of nonsuit was entered were present at the meeting and assented to the appointment of Taylor and Zumwalt as a special committee to employ plaintiff. And there was evidence tending to show that they ratified and approved the contract as made by Taylor, and received the benefits resulting from plaintiff's performance of the contract made with Taylor. For this reason it was error for the court to give judgment of nonsuit against plaintiff as to such defendants.

2. It has always been a familiar principle of the law of agency that one professing to act as agent, unless he binds his principal, is ordinarily held to bind himself. Since the contract entered into by Taylor could not be enforced against the association, Taylor, in acting as agent for the association of which he was an officer and member, in entering into a contract which has been performed by the other contracting party, is personally liable under the contract, and the same is true as to those who either assented to his appointment or to the contract which he entered into. In the case of a voluntary unincor-

porated association, in the absence of statute, the
law holds the officer or member thereof who assumes
to act for the association directly responsible as prin-
cipal, and the courts usually base the reason for the
rule upon the ground that the officer or member has
assumed to act for a principal which has no legal
existence, and since the principal is not bound, such
officer or agent is bound and becomes personally
responsible for the consideration contracted to be
paid to the other contracting party for his perform-
ance of the contract. Otherwise, no one would be
liable notwithstanding that the other contracting
party has himself fully performed.

Since it was error for the court to refuse to in-
struct the jury as to the law upon this particular
phase of the case, the judgment appealed from will
be reversed. In support of the principle announced,
see: 1 Mechem on Agency (2 ed.), §§ 187 and 1389;
5 C. J. 1351. See, also, *Alkahest Lyceum System* v.
*Featherstone*, 113 Miss. 226 (74 South. 151); *Lawler*
v. *Murphy*, 58 Conn. 494 (20 Atl. 457, 459, 8 L. R. A.
113); *Osborne* v. *Dickey*, 9 Ga. App. 469 (71 S. E.
763); *Button* v. *Winslow*, 53 Vt. 430; *Wenona Lumber
Co.* v. *Church*, 6 S. D. 498, 504 (62 N. W. 107); *De-
troit Light Guard Bank* v. *First Michigan Indepen-
dent Infantry*, 134 Mich. 598 (96 N. W. 934); *Freden-
dall* v. *Taylor*, 23 Wis. 538 (99 Am. Dec. 203); *Riffe*
v. *Proctor*, 99 Mo. App. 601 (74 S. W. 409); *Lewis* v.
*Tilton*, 64 Iowa, 220 (54 N. W. 242, 52 Am. Rep.
436); *Blakely* v. *Bennecke*, 59 Mo. 193; *Eichbaum* v.
*Irons*, 6 Watts & S. (Pa.), 67 (40 Am. Dec. 540);
5 C. J. 1351.

3. Since the case will have to be retried, plaintiff's
exception to the overruling of his objection upon the
admissibility of certain testimony will be noticed.

On cross-examination of the defendant Logsdon, who was called as a witness by plaintiff, defendant sought to elicit the fact that in employing plaintiff, Taylor expressly excluded any personal responsibility upon his own part and upon the part of the members of the association, and informed the plaintiff that a large fund was sought to be raised by voluntary payments to be made by the numerous dissatisfied telephone users throughout the Willamette Valley, and that plaintiff's fee was to be paid wholly from the funds thus sought to be raised, and that plaintiff agreed to look exclusively to the funds to be thus raised and not to hold Taylor or any other member of the association personally responsible to him for his compensation. The ground of the objection to the admission of this testimony was that there was no allegation of any such fact and that it was wholly without the issues presented by the pleadings.

The answer filed on behalf of all of the defendants but one contains nothing but a general denial. The answer of the other defendant raises no such issue as that sought to be proved by the questions to which objection was made. In this state the rule is settled that under a general denial in an action to recover for services performed, a defense of this nature cannot be proved: See *Buchtel* v. *Evans*, 21 Or. 309, 311, 312 (28 Pac. 67); *Purdee* v. *Van Keueren*, 60 Or. 265 (119 Pac. 149).

4. If the fact is as contended for by the defendants, before they will be entitled to prove it they must amend their answer, affirmatively allege such fact, and if such is the fact upon its being alleged and proven the ruling governing such case is stated by the author in 1 Mechem on Agency, Section 1389, as follows:

"It is of course possible in such a case that the assumed agent may have expressly excluded personal responsibility, or that the person extending the credit may have done so in reliance upon voluntary payments, subscriptions, or funds to be raised, or where ·it does not appear that he has done so, the person who assumes to act will usually be personally responsible."

Upon a proper allegation in the answer and proof tending to support it, the question will then be, to whom was the credit knowingly given according to the understanding of both parties? 6 Story on Agency (9 ed.), § 288; 5 C. J. § 60, p. 1352.

For the reasons stated the judgment is reversed and the cause is remanded for new trial as to the defendants Walter K. Taylor, S. S. Harrelson, T. A. Logsdon, B. P. Cator, D. L. Peterson, Peter Fredericks, E. J. McInnis, W. H. Davis, Ross Matthews and Edward H. Holloway. As to the other defendants the judgment of nonsuit is affirmed.

REVERSED IN PART.

McBRIDE, C. J., and BURNETT and COSHOW, JJ., concur.