SMITH & EDWARDS, Plaintiff and Appellant,

v.

The GOLDEN SPIKE LITTLE LEAGUE, Dee Bloxham, Dave Anderson, Pete Montalvo, Gloria Boren, Tom Larsen, Pete Foremaster, Mike Leshko, Robert Downard, Ron Willis, Lon Eskelson, Randy Deem and Stan Sems, Defendants and Respondents.

No. 14803.

Supreme Court of Utah.

March 24, 1978.

**5.**   *Nance v. Schoonover*, Utah, 521 P.2d 896 (1974).

David L. Gladwell, Ogden, for plaintiff and appellant.

George B. Handy, Robert A. Echard, Pete N. Vlahos, Darrell Renstrom, Dale T. Browning, Parley R. Baldwin, Ogden, for defendants and respondents.

CROCKETT, Justice:

Plaintiff Smith & Edwards, a dealer in sporting goods, sought to impose personal liability on twelve defendants who signed for and picked up various baseball equipment, including uniforms, from the plaintiff's store in Ogden. The defendants are a group of persons who joined together to sponsor and promote a little league baseball team, and who performed duties in promoting, managing, coaching, umpiring and doing secretarial work for that enterprise, which they called Golden Spike Little League. It was thus an unincorporated association. Upon a trial the court refused to impose personal liability upon the defendants, but stated that the unincorporated association, Golden Spike Little League should be held responsible.[1] Plaintiff appeals.

In the spring of 1974 these defendants and other residents of Harrisville, a suburb of Ogden, met for the purpose of providing little league baseball for the youngsters of that town. They applied for and received a charter from the national association, Little League Baseball, Inc., which allowed them to organize and use the name of Golden Spike Little League.

The need for equipment was discussed at a meeting of the organizers, and it was agreed that defendant David Anderson would contact dealers to obtain the best possible price. Pursuant to that directive he talked to Albert Smith, owner of the plaintiff. Defendants do not question that Mr. Smith was motivated in substantial measure by a desire to cooperate in defendant's worthwhile project and offered a very favorable price for the needed merchandise. They did not discuss in detail just who nor how it would be paid for. Subsequently, various of the defendants would go into plaintiff's store and pick up and sign for different items of baseball equipment and uniforms. Mr. Smith was away from the business during much of this period. Upon his return late in the summer, he found that the defendants had obtained $3,900 worth of merchandise without making any payment thereon. He contacted defendants Anderson and Bloxham about payment. They arranged a fund-raising activity which produced only $149 to pay on this debt. Upon the refusal of the persons who had picked up and signed for the merchandise to pay for it, and their denial of any personal responsibility, plaintiff commenced this suit.

The trial court's ruling exempting the defendants from personal liability can only be predicated upon its view that the defendants were not acting on their own behalf, but were acting as agents of the

1. The national association, Little League Baseball, Inc., is not a party to this suit.

national association, Little League Baseball, Inc., or of Golden Spike Little League. Analysis of that determination requires reference to the charter. In the provisions material here, it authorizes: the defendants to use "Little League," in their name; requires that certain types of equipment be used; that those participating wear little league approved patches and emblems, and provides for rules, guidebooks and an insurance program for the participants. It is particularly pertinent to note that it contained no provision authorizing the defendants, or Golden Spike Little League, to make any purchase or incur any obligations on its behalf, nor is there any evidence that the defendants had any apparent authority to do so. There is thus no basis for the defendants to escape responsibility by shifting it to the national association, Little League Baseball, Inc.

The difficulty with the other basis asserted for avoiding personal liability of the defendants: that they represented to the plaintiff that the merchandise was being purchased for Golden Spike Little League, is that the Golden Spike Little League is but a loosely formed voluntary association and is not a legal entity upon which liability can be imposed.[2]

■ The principle of law which is controlling under the circumstances shown herein is that where a person enters into a contract with another, under a representation that he is acting as agent for a principal, when there is in fact no such principal, he renders himself personally liable upon the contract.[3] This is equally true if the named principal is fictitious, or nonexistent, or is not a legal entity which can be subjected to liability;[4] and it is also true, even though the purported agent had no wrongful intent.[5] The reasoning in such circumstances is that the supposed agent's conduct results in damage to an innocent party, for which he should be held responsible.

■ The doing of justice in this case requires application of the just-stated principles of law to these essential facts: that the defendants associated themselves together in a common enterprise; that their chosen spokesman persuaded the plaintiff (Albert Smith) to furnish the merchandise; that this merchandise was picked up by the defendants who signed receipts acknowledging such delivery; that the plaintiff in good faith and in reliance upon representations made by the defendants (or those acting for them) fulfilled his part of the agreement and delivered the merchandise; and the defendants have not paid for it.

■ Though not involved in this action, we think it not amiss to observe that where a group of people become involved in an enterprise for a common purpose, and some of them, with the consent of the others, go forward and act for the group, so that they become personally liable as here, they have a right to apply any assets acquired by the association in payment of the obligation, and further, that they may well have a right of indemnity against anyone who was joined with them in the enterprise, and for whose collective benefit the purchases were made.

The judgment is reversed, and the case is remanded for such further proceedings as the parties may deem appropriate. Costs to plaintiff (appellant).

ELLETT, C. J., and MAUGHAN, WILKINS and HALL, JJ., concur.

---

2. That this is true unless there is a statute providing otherwise, which Utah does not have, see *Venus Lodge v. ACME Benevolent Ass'n Inc.*, 231 N.C. 552, 58 S.E.2d 109.

3. See *Cousin v. Taylor*, 115 Or. 472, 239 P. 96 (1925), cited in 6 Am.Jur.2d Associations and Clubs, Sec. 45. See also Williston, Contracts (3d ed.) Sec. 282.

4. *Summerhill v. Wilkes*, 63 Tex.Civ.App. 456, 133 S.W. 492.

5. *Lagrone v. Timmerman*, 46 S.C. 376, 24 S.E. 290 (1896), cited in 126 A.L.R. at page 117, and in 3 Am.Jur.2d Agency, Sec. 295.