Keene District Court
No. 82-444

# R. J. SHORTLIDGE, JR.

### v.

# FRANCIS C. GUTOSKI

October 4, 1984

*R. J. Shortlidge, Jr.*, of Keene, by brief, pro se.

*Michael P. Bentley*, of Keene, by brief for the defendant.

KING, C.J. This case arises on appeal from a decision of the Keene District Court (*Richard J. Talbot*, S.J.). At issue is the personal liability of the defendant, a member of the Winchester Taxpayers Association, to pay for legal services rendered by the plaintiff to that association. We vacate the decision of the district court, which found the defendant not personally liable, and remand the case for further proceedings consistent with this opinion.

The findings of fact made by the district court indicate that the defendant, Francis Gutoski, on behalf of the Winchester Taxpayers Association, contracted with the plaintiff for the plaintiff's legal services. At the time, the defendant was both a director and the vice president of the taxpayers association, an organization described by the district court as an "unincorporated group venture." Upon failing to receive full compensation for his services, the plaintiff brought an action against the defendant personally to recover the outstanding balance.

The district court found the plaintiff's outstanding bills of $2,978.41 reasonable in amount for the services he rendered to the association. The court recognized that the plaintiff had performed "a substantial amount of work for the Association in the form of securing a second reassessment of the Town of Winchester as the first attempt was unsatisfactory to the members of the Taxpayers Association." The court, however, refused to find the defendant personally liable for payment of the plaintiff's fees based upon its findings that: (1) the defendant never agreed to be personally liable for the unpaid bills, and (2) the plaintiff's legal services resulted in no particular benefit to the defendant. The plaintiff appealed.

While the record presented on appeal indicates that the defendant may be liable for payment of the plaintiff's legal fees, the findings of fact made by the district court in this case, which constitute the

entire record on appeal, provide an insufficient basis for us to determine, as a matter of law, the extent of the defendant's liability. Therefore, we must vacate the decision of the district court and remand the case with specific instructions as to the further factual determinations which are necessary in order ultimately to resolve the issue presented.

We are faced, in this case, with an issue of first impression in New Hampshire—the liability of a member of an unincorporated association for the debts of that association. In order to resolve the issue, therefore, we must rely upon general principles of agency and partnership law. Recognizing that the term "association" has been employed to describe a number of different types of relationships, we note that for purposes of this opinion, whenever we refer to an "association," we will be referring to an unincorporated group of individuals voluntarily joined together for a common purpose.

A voluntary association, except as provided for by statute, *see* RSA 292:12–:14 (unincorporated associations deemed corporations for receiving and using donations), has no legal existence apart from the members who compose it. *See Lyons v. Am. Legion Realty*, 172 Ohio St. 331, 333, 175 N.E.2d 733, 735 (1961). *See generally* H. OLECK, NON-PROFIT CORPORATIONS, ORGANIZATIONS, AND ASSOCIATIONS, § 32, at 63 (3d ed. 1974). Unlike a corporation, which can act in its own person, "the individuals who compose an association act only by virtue of a mere agency, with their privileges and duties defined by the contract they have made." *Forest City Mfg. Co. et al. v. Garment Workers' Union*, 233 Mo. App. 935, 944, 111 S.W.2d 934, 940 (1938).

When an association is organized for profit, the members of the association are treated as partners. *See Azzolina v. Sons of Italy*, 119 Conn. 681, 691, 179 A. 201, 204 (1935); *Lyons v. Am. Legion Realty*, 172 Ohio St. at 336, 175 N.E.2d at 737. Under New Hampshire statutory law, every partner is viewed as an agent of the partnership for the purpose of carrying on the partnership's business and, therefore, has the power to execute instruments binding the partnership. *See* RSA 304-A:9 (Supp. 1981). RSA 304-A:15(b) (Supp. 1981), a provision adopted from the Uniform Partnership Act, states: "All partners are liable: (a) Jointly and severally for everything chargeable to the partnership under RSA 304-A:13 [partner's wrongful act] and RSA 304-A:14 [partner's breach of trust]. (b) *Jointly* for all other debts and obligations of the partnership . . . ." Each member of an association organized for profit, by virtue of his membership in the association, is a partner of every other member of the association and is thereby jointly liable with

those other members for the contract debts validly incurred in the name of the association.

 When an association is not organized for profit, however, as we presume the Winchester Taxpayers Association was not, the members are not viewed as partners and no agency is implied from the mere fact of association. *See Jim Host & Associates, Inc. v. Sharpe*, 639 S.W.2d 784, 785 (Ky. Ct. App. 1982). A member of such an association incurs liability for the debts of the association only when he authorizes, assents to, or ratifies the underlying transaction. *See id.; Lyons v. Am. Legion Realty*, 172 Ohio St. at 336, 175 N.E.2d at 737. Mere membership in the association, without more, will not generally be sufficient to attach liability for debts incurred in the name of the association.

 Unlike corporate shareholders, who are shielded from personal liability by the corporate entity, the members of an association organized for profit, or those members of a non-profit association who have authorized, assented to, or ratified the underlying transaction and thereby have become liable for the association's debts, are *personally* liable. *See Smith & Edwards v. Golden Spike Little League*, 577 P.2d 132, 133–34 (Utah 1978). *See generally* H. OLECK, *supra* at 62–63 (unincorporated non-profit association desirable form of organization only for very special purposes—use of this form of organization today "usually results from sheer ignorance of the possible degree of personal liability of its members"). In the absence of a specific statutory provision or a contract stipulation to the contrary, the personal assets of each member who is liable can be reached by creditors of the association. *See Cousin v. Taylor et al.*, 115 Or. 472, 478–80, 239 P. 96, 98 (1925) (party must affirmatively allege contract agreement to look to specific association funds for compensation); H. OLECK, *supra* § 33, at 64 ("[f]ormal articles of association . . . are the minimum provisions to avoid both misunderstanding and possible full personal liability" of members of a non-profit association).

The first finding which the district court must make on remand in order to determine the defendant's liability in this instance for the plaintiff's fees is: what were the exact terms of the oral employment contract entered into by the plaintiff with the Winchester Taxpayers Association? Did the plaintiff agree, as the defendant contends he did, to look exclusively to the funds expected to be raised by the taxpayers association for his compensation and not to the personal funds of the defendant or any other member of the association?

The district court has already found that the plaintiff, at the time he was retained, knew or should have known that the Winchester

Taxpayers Association was his client. The court further noted that the plaintiff participated in a number of fund raising activities conducted by the taxpayers association, designed to raise money to finance his efforts, and was periodically paid on account from the funds raised. Should the district court find that the plaintiff, when contracting with the taxpayers association, agreed to look solely to the association and its funds for payment and not to the personal funds of the individuals composing the association, the terms of the contract must control. *See Cousin v. Taylor et al.*, 115 Or. at 478–80, 239 P. at 98. The plaintiff, assuming such an agreement exists, would have no basis to hold the defendant personally liable for his fees.

Absent such an agreement, however, based on the findings of fact made by the district court, we would find the defendant personally liable. The district court found that the defendant, as a member of the Winchester Taxpayers Association, "assent[ed]" to and "ratified" the plaintiff's employment contract. Although the defendant may have believed that he was acting solely as an agent for a disclosed principal, the Winchester Taxpayers Association, when entering into the employment contract with the plaintiff, the principal for which he acted was in actuality not a legal entity having the power to contract. The defendant may, in effect, have entered into a contract personally binding himself and all other members of the taxpayers association who authorized, assented to, or ratified the contract. *See Wilson & Co. v. United Packinghouse Wkrs. of America*, 181 F. Supp. 809, 815 (N.D. Iowa 1960); *Krall et al. v. Light*, 240 Mo. App. 480, 489–90, 210 S.W.2d 739, 745 (1948); *Smith & Edwards v. Golden Spike Little League*, 577 P.2d at 134.

Should the district court conclude, after reviewing the terms of the plaintiff's contract, that the defendant is, in fact, liable for the plaintiff's fees, we find that his liability is *joint*. The defendant, as a member of the taxpayers association who assented to and ratified the plaintiff's employment contract, is jointly liable for the plaintiff's fees along with all of the other members of the association who similarly assented to and ratified the same contract. *Cf.* RSA 304-A:15(b) (Supp. 1981).

RSA 510:13 allows an individual, when bringing an action against an unincorporated association, to treat that association as an entity—by filing suit against the association in its assumed name and by serving process "upon any officer thereof, or, if it has no officer, then upon any 2 members thereof." *See Sununu v. Clamshell Alliance*, 122 N.H. 668, 672, 448 A.2d 431, 433 (1982).

This statute, while neither adding to nor detracting from the personal liability of the individual members of an association, provides a simpler means for a plaintiff to sue these individuals as a group. The statute relieves a plaintiff from the task of having to name and personally serve process on each and every member of the association. By suing an unincorporated association in this manner, however, a plaintiff limits his remedy. We conclude that "the collection of any judgment obtained against such association must be satisfied out of its property alone and the property of its members is immune from seizure." *Lyons v. Am. Legion Realty*, 172 Ohio St. at 334, 175 N.E.2d at 736.

The plaintiff, in the instant case, chose not to employ the provisions of RSA 510:13 to proceed against the Winchester Taxpayers Association as an entity. Rather, he chose to proceed against the defendant, individually, to recover his fees. We find that RSA 510:13, permitting an association to be sued in its assumed name, does not preclude a plaintiff from pursuing his common law right to proceed against each individual member of the association. *See Fast v. Kahan*, 206 Kan. 682, 687–88, 481 P.2d 958, 963 (1971) (courts have generally held that statutes permitting unincorporated associations to be sued *eo nomine* do not preclude a plaintiff from pursuing any remedy available to him at law or in equity against the individual members); *Lyons v. Am. Legion Realty*, 172 Ohio St. at 334, 175 N.E.2d at 736 (statutes permitting plaintiffs to sue associations in their assumed names are cumulative and "do not abrogate the right to sue the members of the associations if the suitor chooses to proceed in that way").

The defendant, in this case, is at most only jointly liable for payment of the plaintiff's fees. He therefore had the opportunity, when sued individually, to file a plea of abatement requiring the plaintiff to join all of the other necessary parties to the suit. Generally, a failure to file this plea in the district court within 30 days following the entry of the plaintiff's writ will result in a waiver. DIST. & MUN. CT. R. 3.10(c). In this instance, however, we find that justice requires that the defendant be allowed, on remand, to file a plea of abatement, if he so chooses, thereby requiring the plaintiff to join, as defendants, all of the members of the Winchester Taxpayers Association who, along with the defendant, assented to or ratified the plaintiff's employment contract.

Since this opinion will help to clarify the law as to the liability of each member of an unincorporated association for the debts of that association, RSA 292:12–:14, henceforth, a defendant, who is

sued individually for an association's debt for which he is jointly liable, will be required to file a plea of abatement within 30 days following entry of the plaintiff's writ, or else a waiver will result.

We vacate the decision of the district court and remand the case for further proceedings in accordance with this opinion.

*Vacated and remanded.*

All concurred.