68

Merrimack
No. 87-242
Rockingham
No. 88-107

KNOX LEASING & a.

v.

ROBERT K. TURNER & a.

TOWN OF NOTTINGHAM

v.

ROBERT A. BONSER & a.

August 9, 1989

*John A. Settle* and *Sandra A. Fisher*, each individually, by brief, *pro se*, as members of Knox Leasing; and *Alexander Jaroma*, individually, by brief and orally, *pro se*, as a member of Knox Leasing.

*Stephen E. Merrill*, attorney general (*Stephen J. Judge*, assistant attorney general, on the brief and orally), for the defendants Robert K. Turner *& a.*

*Engel & Gearreald*, of Exeter (*Mark S. Gearreald* and *Brian Woodworth* on the brief, and *Mr. Gearreald* orally), for the plaintiff Town of Nottingham.

*Mary T. Bonser*, individually, by brief, *pro se*, as a member of intervenor Cedar Waters Village Partnership; and *Robert A. Bonser* and *Terry L. Bonser*, each individually, by brief and orally, *pro se*, as members of intervenor Cedar Waters Village Partnership.

THAYER, J. These are two separate cases which have been consolidated by this court for decision. In No. 87-242, John A. Settle, Sandra A. Fisher, and Alexander Jaroma, members of Knox Leasing, an "unincorporated association operated for profit," *see Shortlidge v. Gutoski*, 125 N.H. 510, 513, 484 A.2d 1083, 1086 (1984) (when an association is organized for profit its members are treated as partners), appeal from an order of the Superior Court (*Cann*, J.) precluding Mr. Settle from appearing *pro se*, even in conjunction with the other members, on behalf of Knox Leasing in an action to enjoin the division of motor vehicles' refusal to issue a certificate of title in the name of the association. In No. 88-107, Robert A. Bonser, Mary T. Bonser, and Terry L. Bonser, members of the Cedar Waters Village partnership, appeal from an order of the Superior Court (*McHugh*, J.) requiring that the partnership be represented by licensed counsel or face default in its attempt to intervene in a fraudulent conveyances action involving partnership property. We reverse in No. 87-242; and we reverse in part, affirm in part and remand in No. 88-107.

The facts of No. 87-242 are as follows. In June 1986, the plaintiffs attempted to register an automobile with the New Hampshire Department of Safety, Division of Motor Vehicles (the Division) in the name of Knox Leasing. In the space provided for the owner's signature, the application contained in script the words "Knox Leasing." The owner's date of birth was provided as "06/30/87." As of the date of application, Knox Leasing was not a registered trade name. *See* RSA 349:1. In addition, the address provided on the application was a personal residence.

Detective David Eastman of the New Hampshire State Police intercepted the application and upon further investigation determined that it contained false statements. The Division declined to issue a certificate of title, *see* RSA 261:7 (department shall issue a certificate of title only when satisfied as to genuineness and regularity of the application), and Detective Eastman sought to institute criminal action against the plaintiff Alexander Jaroma. Subsequently, Knox Leasing registered with the Secretary of State pursuant to RSA 349:1, and no criminal proceedings were instituted.

The plaintiffs, "Knox Leasing, an unincorporated association operated for profit, ... and its Directors, John Alden Settle, Jr., ... Diane Isabelle, ... and Alexander Jaroma," then sought to enjoin the Division from refusing to issue a certificate of title in the name of Knox Leasing. At a hearing before a master on the parties' cross motions for summary judgment, the State moved to preclude Mr. Settle from appearing *pro se* on behalf of Knox Leasing. The Master (*Mayland H. Morse*, Jr., Esq.) recommended that Mr. Settle be required to obtain counsel before the proceedings progressed further. In accordance with this recommendation, the Superior Court (*Cann*, J.) ruled in effect that Mr. Settle could not, even in conjunction with the other two members of the association, represent Knox Leasing absent the appearance of counsel. Mr. Settle, Ms. Isabelle, and Mr. Jaroma, as members of Knox Leasing, appealed this determination.

Following the death of Diane Isabelle, on August 13, 1987, Sandra A. Fisher became a member of the Knox Leasing association on September 10, 1987, and has since been substituted as a party in this appeal. Also since the filing of the notice of appeal, the Division issued a certificate of title in the name of Knox Leasing on June 24, 1988. The State suggested at oral argument, however, that the issuance of the certificate of title was a "clerical error" and that the Division may seek to revoke it at any time, in which case the plaintiffs would likely pursue their request for an injunction. Given the substantial likelihood that the issue of Mr. Settle's appearance in Knox Leasing association proceedings will therefore again come before the trial court and given that, as the State points out, the issues presented have been briefed and argued already, we see little to be accomplished by dismissing this appeal for want of controversy. *See Moody v. Cunningham*, 127 N.H. 550, 553, 503 A.2d 819, 821 (1986) (this court is not bound by rigid rules in determining whether an appeal is moot; it is a matter of convenience and discretion).

The procedural background of No. 88-107 is both lengthy and complicated, *see generally Town of Nottingham v. Bonser*, 131 N.H. 120, 552 A.2d 58 (1988), *cert. denied*, 109 S. Ct. 3163 (1989), and we set forth here only those facts necessary to an understanding of the issues raised in this appeal. In March 1987, the plaintiff, the Town of Nottingham, filed a petition to attach certain property owned by Robert A. Bonser and Cedar Waters Village, Inc. to cover fines accrued and accruing against them for continuing violations of a contempt order. The parties do not dispute that in May 1987, Cedar Waters Village, Inc. was liquidated, and the property was conveyed to Robert A. Bonser and Mary T. Bonser as joint tenants. Subsequently, Robert and Mary Bonser further conveyed the same real estate to a general partnership called Cedar Waters Village Partnership consisting of Robert, Mary, and Terry L. Bonser.

The Superior Court (*Nadeau, J.*) granted a petition for attachment of the property in June 1987. The plaintiff then filed a motion to set aside the conveyances as fraudulent. In May 1987, Cedar Waters Village Partnership, as the new owner of the property, had filed a motion to intervene in the proceedings against Robert Bonser and Cedar Waters Village, Inc. The motion was filed by "Cedar Waters Village Partnership ... by all of its partners ... *pro se*." On January 22, 1988, the Superior Court (*McHugh, J.*) granted the partnership's motion to intervene, but only as to the fraudulent conveyances action.

On February 10, 1988, the State, "for the limited purpose of seeking relief against the unauthorized practice of law," moved to intervene and to require appearance of counsel for the partnership. The plaintiff also raised this issue in a pleading of the same date. Following a hearing, the Superior Court (*McHugh, J.*) denied the State's motion to intervene, but treated the issue of counsel as raised by the plaintiff and ruled that the continued intervention by the partnership would be permitted only upon the partnership's obtaining representation by licensed counsel. Terry Bonser and Mary Bonser then filed a motion to intervene as joint tenants. The trial court denied the motion, finding that the defendants had elected to take title to the property as a partnership rather than as joint tenants, and therefore, "they must be bound by the rules of partnership designation."

Robert, Mary, and Terry Bonser, as members of Cedar Waters Village Partnership, appealed the trial court's order requiring the partnership to be represented by counsel. Terry and Mary Bonser appealed the order denying their motion to intervene as joint tenants.

In New Hampshire there exists a strong public policy against the unauthorized practice of law. *State v. Settle*, 124 N.H. 832, 835, 480 A.2d 6, 7 (1984) (*Settle I*). The only legislative authority for legal representation by anyone other than a duly licensed attorney is RSA 311:1, which provides that "[a] party in any cause or proceeding may appear, plead, prosecute or defend in his proper person or by any citizen of good character." We have interpreted the words "in his proper person" to mean *pro se* and to permit "self-representation by an individual...." *State v. Settle*, 129 N.H. 171, 176, 523 A.2d 124, 127 (1987) (*Settle II*). In *Settle II*, we explained that *pro se* "refers to the direct personal conduct of litigation by a party on his own behalf." *Id.* at 176, 523 A.2d at 127. This means not merely that a *pro se* litigant must appear in person and argue before the courts on his or her own behalf, but also that the litigant must draft all pleadings, briefs, and memoranda of law without the assistance of outside parties. Any relaxation of these requirements would violate the policy set forth in *Settle I*. *See* 124 N.H. at 837, 480 A.2d at 8. With this definition in mind, we turn to the precise issue presented here: whether, pursuant to RSA 311:1, the members of a small general partnership, which consists of three natural persons, may appear *pro se* to represent their individual partnership interests and thereby collectively represent the totality of interests in the partnership in court proceedings.

In *Settle II*, we held that the "in his proper person" language of RSA 311:1 was not intended to sanction the representation of an unincorporated association by one of its lay members. We reached this conclusion because, although an unincorporated association, unlike a corporation, is generally without legal existence or significance apart from its members, "its very nature as a collection of individuals necessarily and by definition precludes its appearance pro se by one individual." 129 N.H. at 178, 523 A.2d at 129. We recognized as well that the requirement of professional representation was not only for the protection of the party that might otherwise choose lay representation, but for the protection of "the party opponent and ... the broader public that would suffer from the effects of unskilled or unethical counsel." *Id.*, 523 A.2d at 128–29.

A partnership by definition is "an association of 2 or more persons to carry on as co-owners a business for profit." RSA 304-A:6, I; *see also Shortlidge v. Gutoski*, 125 N.H. at 513, 484 A.2d at 1086. Thus, the rationale of *Settle II*, that the nature of an association as a collection of individuals precludes its appearance

*pro se* by a single individual, applies with equal force to partnerships. 129 N.H. at 178, 523 A.2d at 129. In the present case, however, *all* of the partners seek to appear in their capacities as partners, to represent their individual partnership interests in the pending litigation. Hence, *Settle II* is not dispositive of the question presented here.

The State argues, however, that the policy concerns articulated in *Settle II* relative to the unusual burdens levied upon the justice system by the lay litigant who lacks the professional skills of an attorney and who lacks many of the attorney's ethical responsibilities, *see State v. Settle*, 129 N.H. at 177–78, 523 A.2d at 128, would be multiplied by allowing not merely one, but three lay partners to appear. Although these concerns do not weigh lightly in our analysis, they must be balanced against the burden and expense to individuals who associate as co-owners of a business, *see* RSA 304-A:6, and who would therefore otherwise be prohibited from appearing *pro se* in litigation involving a claim which they hold in their capacities as partners.

We recognize that *pro se* appearances by lay litigants frequently result in awkwardly drafted pleadings, inarticulately presented motions, and proceedings that are needlessly multiplicative, *State v. Settle, supra* at 177, 523 A.2d at 128 (quoting *Jones v. Niagara Frontier Transp. Authority*, 722 F.2d 20, 22 (2d Cir. 1983)), and these concerns are important reasons to construe strictly the statute authorizing *pro se* representation. However, these policy concerns have never been sufficient to prevent entirely *pro se* appearances in the appropriate circumstances, *see* RSA 311:1, and we find nothing in the language of RSA 311:1 to prevent the partners in this case from appearing *pro se*. We hold, therefore, that where, as here, a partnership consists of only three individual and natural partners, all of the partners may appear to represent their individual partnership interests and thereby represent the total interests in the partnership, provided, however, that the individual partners' interests are themselves consistent.

The requirement that the partners' individual interests be consistent with one another is one of necessity. If each individual partner appears before the court to represent his or her individual partnership interest, and if those interests are in conflict, then in representing themselves the partners are no longer effecting an adequate representation of the totality of interests, and the partnership must be represented by licensed counsel in accordance with *Settle II*.

The individual partners in this case have not alleged conflicting interests in the outcome of the pending litigation. All of the members of Knox Leasing seek to represent their individual interests in maintaining a certificate of title for what they apparently allege is firm property, and the members of the Cedar Waters Village partnership seek to protect their individual and collective interests in real estate held in the partnership name, *see* RSA 304-A:25 (partners' rights in specific partnership property).

The parties have expressed some concern that if we allow three partners to appear *pro se*, then we necessarily open the door for larger partnerships, for example of thirty or even three hundred members, to appear in court by all of their partners, and thus to create judicial and administrative chaos. Such concerns are unwarranted. We emphasize that we would give very close scrutiny to any proposal to expand this holding beyond the situation presented here of three individual partners.

Mary Bonser and Terry Bonser also appeal from an order of the Superior Court (*McHugh*, J.) denying their motion to intervene in the fraudulent conveyances action as joint tenants of the property. The trial court found that because the defendants had elected to take title to the property as partners rather than as individual joint tenants, they may not intervene in the latter capacity. We affirm this ruling.

The deed to the property contains the following language: the grantor "*grants to Cedar Waters Village*, a New Hampshire general partnership consisting of Mary T. Bonser, Robert A. Bonser and Terry L. Bonser, as joint tenants with rights of survivorship ..." (Emphasis added.) The named grantee is the partnership, and the individual partners therefore hold the real estate as tenants in partnership, not as joint tenants. *See* RSA 304-A:25, I (a partner is a "co-owner with his partners of specific partnership property holding as a tenant in partnership"). Nevertheless, the partners' apparent intent to create a tenancy in the property which included rights of survivorship is not frustrated by this determination, since survivorship is one of the incidents of a tenancy in partnership. *See* RSA 304-A:25, II(d) (deceased partner's right in specific partnership property vests in surviving partners).

Finally, we note briefly the Town of Nottingham's motion to strike the appellants' brief in No. 88-107 on the ground that it fails to comply with several aspects of Supreme Court Rule 16. The Town does not claim that it did not receive proper notice of the issues raised for appeal or that it was in any way prejudiced by an inability to respond to the appellants' arguments. The appropri-

ate remedy or sanction therefore is a matter between the court and the party in noncompliance, and the Town's motion is denied.

*No. 87-242 reversed; No. 88-107 reversed in part, affirmed in part, and remanded.*

All concurred.